---
Delancy *v.* Nagle.
---

---

DELANCY *vs.* NAGLE.

It is not necessary that the complaint, in a justice's court, should correspond with the summons, in respect to the cause of action. The particular plea need not be stated in the summons. If the complaint is in a civil action it is enough.

A justice of the peace may instruct the jury on a question of law; but if he misdirects them it is error. He may, however, leave the whole case to them, without any instructions; and in that case, if the jury judge erroneously on a point of law, the appellate court will correct the error, on appeal.

By refusing to charge as requested by one of the parties, the justice will not be deemed to have charged, by implication, the converse of the proposition offered.

THIS cause was commenced in a justice's court, where the plaintiff obtained a judgment. The defendant appealed to the county court of Franklin county, and the county judge having been counsel for one of the parties, certified the cause to this court. The opinion states the material facts.

*H. A. Paddock,* for the appellant.

*A. Hobbs,* for the respondent.

Delancy *v.* Nagle.

*By the Court,* WILLARD, P. J.   This action was tried before a justice and a jury of Franklin county, in December, 1851, when the plaintiff obtained a verdict.   The defendant appealed to the county court, and the county judge certifies that he had been counsel in the cause, and the cause is thus transferred to this court by the amended judiciary act of 1847.

The first objection taken by the defendant is to the summons. It is not set out at length, but it is stated that it required the defendant to answer the plaintiff "in a civil action for damage and false representations in the sale of a horse."   The complaint was for a breach of warranty in the sale of a horse.   It is stated that the defendant warranted the horse to be eight years old, whereas he was older; that he warranted him all right in the legs and sound every way, as far as he knew; whereas he was diseased in the legs and in other respects.   The defendant objected that the complaint did not correspond with the summons, but the justice overruled the objection.

The complaint was in a civil action, and that is enough.   We have repeatedly held that the particular plea need not be stated in the summons.   The defendant then pleaded the general issue, and gave notice of special matter.   The cause was tried by a jury. The plaintiff proved that in October previous he purchased the horse of the plaintiff for 90 dollars; that at the trade, the plaintiff asked the defendant if he would warrant the horse sound? and the defendant said he would, as far as he knew.   He asked the defendant the horse's age, and the defendant answered, eight years old.   The evidence tended strongly to show that the horse was 11 years old, at the time of the trade.   One witness swore that the difference in value between the horse at 8 and 11 years would be $15.   Two or three other witnesses swore there would be no difference in value between those ages; that they would as soon have the horse at 11 as at 8, if he was sound.   There was some evidence tending to show that the horse had a sprain, or a spavin in one leg, and that he was affected with heaves; and there was evidence on the other side, that he was sound every way, and very little, if any, tending to show that the defendant knew of any unsoundness; though it tended to show

that he knew the age of the horse was eleven instead of eight. When the testimony was closed, the defendant asked the court to charge the jury, 1st. That the plaintiff was bound to prove that at the place of sale there was a difference in the value of the horse at 8, from one 11 years of age; 2. That if the seller was ignorant of the age of the horse, the mere representation of the age of the horse was no warranty. 3. That if a seller represents what he believes, as to the value and qualities of the horse, there is no fraud or warranty in the case. 4. That the jury were bound by the testimony in the case, and could not take their own opinions into consideration as to the damages. 5. That there was no evidence that the defendant knew the horse was unsound. 6. That there was no proof of damages arising from any unsoundness. To this the justice replied that the jury had heard all the testimony, and the arguments of counsel, and were the judges of the law and the evidence, and that the court had nothing more to say to them and would leave the matter for their consideration. The jury found a verdict for the plaintiff for $7 damages, on which the justice gave judgment.

The main point in the case, is that the justice refused to charge as requested; and it is insisted that it was equivalent to a charge directly the contrary from the defendant's prayer for instructions.

If the justice was bound to charge the jury upon any point in the case to which either party might call his attention, his refusal to charge in a material respect, as prayed, would probably be error. It was held by the supreme court in *McNeil* v. *Scoffield*, (3 *John.* 436,) that in proceedings before justices of the peace, under the act for the recovery of debts to the value of twenty-five dollars, the jury might decide both the law and the fact. In *Reynolds* v. *Bedford*, (3 *Caines*, 140,) the justice had overruled a demurrer to evidence, and the court held that he was right in so doing; as the effect of a demurrer to evidence would be to draw the examination of facts from the jury to the court; a proceeding deemed inapplicable to justices' courts, where it was intended that the whole matter should be tried by the jury, in case a jury was demanded by either party. For the same reason,

Delancy *v.* Nagle.

it. has been held by us that a bill of exceptions is inapplicable to justices' courts. (2 *R. S.* 422, 423.) The justice may instruct the jury on a question of law; but if he misdirects them it is error. (*The Trustees of Penn Yan* v. *Thorne,* 6 *Hill,* 326.) But he may leave the whole case to them without instruction; and in that case if the jury judge wrong on a point of law the appellate court will correct it on appeal. (*Id.*)

The justice in this case, left the whole matter to the jury, law as well as fact He did not, as the appellant's counsel supposes, by implication charge the converse of the defendant's propositions. They were left unfettered, to decide both the law and the fact. We cannot say that they have decided wrong. It is probable that their verdict was for the difference in value between the horse as warranted at eight years old, and his actual age, which was eleven. They were the best judges of that value. There was no more than the usual conflict of evidence, characteristic of horse trades. The witness sought to be impeached was supported; but his testimony as to the age of the horse was corroborated by that of one or more witnesses to the same point, who were unimpeached.

The questions objected to by the defendant's counsel, whether right or wrong, led to no result prejudicial to the defendant.

On the whole I think no injustice was done by the justice or the jury.

Judgment of the justice affirmed.

[FULTON GENERAL TERM, September 6, 1852.  *Willard, Hand, Cady* and *C. L. Allen,* Justices.]