PETTIT *a.* IDE.

*Supreme Court, Eighth District; General Term, November,* 1860.

JUSTICE'S COURT.—CHARGE TO THE JURY.—APPEAL.

A justice of the peace has a right to charge the jury; although it is usual to omit to do so, and his omission or refusal is not error; but where his charge is manifestly erroneous, especially if given at request of the successful party, it is error for which the judgment should be reversed.

Where the justice in his charge assumed in favor of the defendant a material question upon which the evidence was conflicting, by instructing the jury that another question was the only point to be passed on,—*Held,* that judgment for the defendant should be reversed.

Appeal from the judgment of the Niagara County Court, reversing the judgment of a justice of the peace.

The facts are stated in the opinion.

*S. Parsons, Jr.,* for appellant.

*Geo. W. Cothran,* for respondent.

BY THE COURT.*—DAVIS, J.—This action was brought for the conversion of certain articles of personal property, and was tried before a justice of the peace and a jury. On the trial the plaintiff gave evidence tending to show that the defendant came to his farm in his absence from home, and represented to his servant that he was directed by plaintiff to come and get the prop-

---

* Present, MARVIN, P. J., DAVIS and GROVER, JJ.

Pettit *a.* Ide.

erty in question, whether the plaintiff was home or not, and that his servant thereupon delivered the property to defendant; that afterwards plaintiff demanded the property or pay for it, of defendant, who refused to deliver it up, or pay for its value. That previous to defendant's taking the property, there had been a negotiation between the parties for the sale by defendant to plaintiff of certain lands, in payment for which, if the plaintiff purchased the lands, the property in question was to be taken and applied at specified prices; but that the agreement was not completed, and negotiations were wholly broken off by plaintiff.

On the other hand, the defendant gave evidence tending to establish a parol agreement for the sale and purchase of the lands at the price of $1,000, upon which the property in question was to be paid and applied; that it was delivered by the servant of the plaintiff, by his direction, as part payment on such agreement, and that when the same was demanded, he refused to deliver it, on the ground that it was so paid; and that he offered and stood ready to perform the agreement on his part by conveying the lands, according to its terms, but that plaintiff refused to perform or accept performance of the agreement.

In his return, the justice, after setting forth the evidence in the case, says: "I then charged the jury that if they find that Ide misrepresented to the boy O'Mara, and procured the property to be turned out to him through false and fraudulent misrepresentations, that then this action can be maintained. I further charged, at the request of the defendant, that if the jury find that the property in question was turned out to Ide by the boy O'Mara, by the direction of Pettit, that this action cannot be sustained;" to which last charge the plaintiff's counsel excepted.

The jury found for the defendant. The County Court reversed the judgment on the ground, as appears from the elaborate and able opinion of the county judge, that the parol agreement for the sale of the land being void by statute, the plaintiff not having taken possession of the premises, nor received any direct benefit from the contract, was at liberty to treat the same as void, and demand the property paid or delivered on the contract, and after demand and refusal, was entitled to maintain trover for the property.

I do not think it necessary for us to pass upon the important and interesting question discussed by the learned county judge, as it seems to me the judgment of reversal must be affirmed upon another ground, however we might determine as to the one on which the county court chiefly based its decision.

A justice of the peace has a right to charge the jury by whom an action is being tried before him, although it is usual to omit to do so; and his omission or refusal to charge when requested is not error. When a charge is given and is manifestly erroneous, especially if it be given at the request of the the successful party, it is ground of error, for which the judgment should be reversed. In this case the justice, at the request of the defendant, charged that if the jury find that the property in question was turned out to the defendant by the plaintiff's servant, by plaintiff's direction, the action could not be sustained.

This was narrowing the issue before the jury to a single point, to wit, whether the turning out or delivery of the property was by plaintiff's direction. There was conflicting evidence on that point, and the jury were in effect told that it was the material and turning point of the case. There was conflicting evidence whether any parol agreement at all for the sale of the lands had been made,—the plaintiff testifying that none had been made, and the defendant that one, complete in all its terms, was made;—and this, the most material and important question in the case, was practically excluded from the consideration of the jury by the charge.

The court had no right to assume that the parol contract was proved; because the evidence to establish it was directly contradictory: and until the jury had first found upon that question, the point submitted to the jury was not decisive of the case in any view of the law. If the jury found that there was in fact a contract, then a finding that the property was delivered by the plaintiff or under his direction, as payment of that contract, would present the question as to the right of plaintiff, under the circumstances, to recover it back, or its value; but if the jury found there was no contract, then the question whether it was delivered by plaintiff's direction or not, would not be very material, if, by a subsequent demand and refusal, a conversion was established.

I cannot but think that the jury was misled by the charge; that the action could not be sustained if the servant of plaintiff turned out the property to the defendant by the plaintiff's directions; and if the jury regarded the charge (as we must assume they did), their verdict was rendered upon a simple finding upon that proposition, instead of passing at all upon the facts that rendered it important in the case.

Upon this ground, I think the judgment of the justice's court was erroneous, and that the judgment of the County Court should be affirmed.