Hatch, J.
The plaintiff is a physician, and brings this action to recover for professional services rendered upon request of the defendant. It appeared upon the trial that the defendant applied to plaintiff for treatment, at his office; that the plaintiff examined him, and. prescribed for the disease from which he suffered; that he twice visited the physician’s office, and each time consulted him, receiving prescriptions. Subsequently plaintiff rendered a bill to defendant for fifteen dollars"; defendant failed to pay and suit was instituted, plaintiff claiming judgment for forty-five dollars. The evidence given upon the trial by plaintiff and several other physicians strongly tended to show that plaintiff’s services were worth the last named sum and much more. In submitting the case to the jury the court charged, among other propositions, “that the jury must confine themselves in arriving at the value of plaintiff’s services, to the evidence of the witnesses in the case, given in fixing the amount; that the rendering of the bill, as testified to by the plaintiff and the defendant, did not bind the plaintiff in any *470 way as to the amount of his charges, or tend to fix their value, as plaintiff had a right to render a large or small bill, or to donate his services, if he saw fit, without reference to their value.” Defendant’s attorney excepted to this portion of the court’s charge, and requested the court to charge “that the bill rendered by the plaintiff for his services of fifteen dollars was evidence of the value of such services.”
The court refused so to charge and defendant excepted. The court in an amended return further states that he charged the jury “that it was for them to determine, taking everything into consideration, what the value of plaintiff’s services is.”
Section 6 of the act establishing the municipal court of Buffalo, chapter 344, Laws 1880, provides, among other things, that “ the process, pleadings, practice, trial by the court, or by jury * * * shall be the same as are now provided by law for justices’ courts, except as otherwise provided in this act.”
Code Civil Procedure, § 2868, provides that when special provision is not otherwise made by law, a justice of the peace is vested with all the necessary powers possessed by the supreme court, in the trial of actions of which he has jurisdiction. There is nothing in the act constituting the municipal court which changes the proceedings or practice in the trial of causes from that possessed by a justice of the peace. Under this section of the Code, it seems clear that the court possesses authority to charge the jury. The authorities, however, hold that the justice is not bound to instruct or charge the jury. People v. Eldredge, 3 Hun, 541; Delaney v. Nagle, 16 Barb., 96.
It has also been held that while the justice may not be required to charge the jury, yet if he chooses so to do, and commits an error therein, it is ground for reversal. Pettit v. Ide, 12 Abb. Pr.,44; The Trustees of Penn Yan v. Thorne, 6 Hill, 326.
The reason for holding this rule with more strictness, as applied to the municipal court, is much stronger than in its application to a justice of the peace. The members of the court are, as they are required by the act to be, counselors of the supreme court; their jurisdiction is greatly enlarged; they are learned in the law and their decisions have, and are justly entitled to, great respect in this city, and as a necessary consequence' their expressed opinions upon matters of law to the jury, drawn from the municipality, when finally submitting a case to them, must have great, if not controlling, weight in influencing their decision.
Applying, then, the best of legal rules to the present charge, we think it cannot be upheld.
The effect of the charge is to direct the jury to decide the case upon the value of plaintiff’s services independent of the bill rendered before the commencement of the action. *471 The language of the charge is: “ The rendering of the bill * * * did not bind the plaintiff in any way as to the .amount of his charges, or tend to fix their value.” It has long been a rule of law that the rendering _ of a bill, for a fixed amount charged as services, is an admission, upon the part of the person rendering the bill, that the_ amount thereof is the sum owing, and prima facia, as against him, that the services are of the value as therein stated, and that his right to recover is limited to that sum. Williams v. Glenny, 16 N. Y., 389.
The language of this authority is, “the plaintiff’s own estimate of the value of his services was high evidence against himself.” There, as here, the party claiming to recover, was confronted with his bill rendered for a less amount than the sum sought to be enforced The bill is by no means conclusive upon the plaintiff; he still has the right to show that his services were worth in fact more, and that either by mistake or otherwise, the bill was rendered for a less amount. Williams v. Glenny, supra: Harrison v. Ayers, 18 Hun, 336; Sherwood v. Hauser, 94 N. Y., 626.
But this does not authorize the court to charge, as matter •of law, that the bill did not tend to fix the value of the service; that was just what it did do; it was plaintiff’s own act and the defendant was entitled to have it considered by the jury without qualification, or with a charge that the jury should consider it in determining the value of plaintiff’s services.
The effect of the charge was to limit the deliberations of the jury to the oral testimony of the witnesses sworn. The error was not cured by the subsequent charge of the court, ■“that it was for them to determine, taking everything into consideration, what the value of plaintiff’s services is.”
The first charge was not pretended to be withdrawn, and the court had refused to charge, when requested, that the bill was evidence of the value of the service. So that the final charge to take everything into consideration was qualified by the charge previously made ahd refusal to charge, which eliminated the bill from the consideration of the jury upon the subject of value.
In Chapman v. Erie Railway Co. (55 N. Y., 579), the court says: “To obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it. Id., 587; People v. Greenfield, 23 Hun, 454-472.
For the erroneous instructions to the jury the judgment must be reversed, with costs.
All concur.