Francis A. Sturgbs, J.
This is an appeal from the judgment rendered by Honorable Ellsworth M. Murray, Police Justice presiding at a jury trial held in the Police Court of the Village of Albion on April 19,1956, in favor of the plaintiff and against the defendant for damages arising on contract, in the sum of $153 damages with $5.90 costs, upon the ground that the village Police Court was without jurisdiction, and upon the merits and all exceptions taken to the rulings of the trial court.
The defendant by her attorney, at the time of trial, filed a written demurrer to the plaintiff’s first alleged cause of action upon the ground that the ultimate, substantial demand of the plaintiff therein is for, or to establish the liability of the defendant for the sum of $750 and was therefore beyond the jurisdiction of the Police Court of the Village of Albion, the said village being a second class village and its jurisdiction therefore limited to $500. The demurrer was denied and exception taken by the defendant.
Before going to trial, the defendant by her attorney, also made, in writing, a motion to dismiss each cause of action upon the grounds stated in the demurrer and upon the further grounds that the subject matter of the alleged cause of action arose wholly outside the corporate limits of the village of Albion; that the plaintiff resides outside of said village of Albion; that the alleged contract was made outside the village of Albion and that the real property which is the basis of the claim for rent is situated outside the said village.
As to the defendant’s contention in her demurrer, and her motion to dismiss, that the ultimate and potential claim of the plaintiff exceeded $500 and was not therefore within the juris *992 diction of the Police, Court of the Village of Albion, this court takes judicial notice of the fact that the demand in the complaint was for damages in the sum of $395 with interest on $60 from September 1,1955 and interest on $335 from January 1, 1956, and that the damages demanded, with interest to the date of judgment, amounted to considerably less than $500. It has been repeatedly held by the courts of this State that the demand of the complaint for judgment is the test of jurisdiction where the jurisdiction of the court is for limited amounts. (See Mansson v. Nostrand, 183 App. Div. 371.) Hence, I find and hold that the Police Court of the Village of Albion had jurisdiction insofar as the amount of damages demanded is concerned. As to general jurisdiction of this civil action, section 186 of the Village Law of New York State gives the police justice the same jurisdiction as a justice of the peace of a town in any civil action in which a resident of the village is a party. The complaint alleges that, at the time of the commencement of this action, the defendant was a resident of the Village of Albion. Hence, regardless of the fact that the plaintiff resided in the adjoining town of Gaines and the contract was made in the town of Gaines and/or the town (township) of Albion, adjoining towns, the Police Court of the Village of Albion had jurisdiction by reason of the fact that, at the time of the commencement of the action, the defendant resided within the corporate limits of the said Village of Albion, which incorporated Village of Albion is also in the town or township of Albion where the defendant had previously resided and where the real property was located. Certainly it should have been more convenient for the defendant to attend the trial held in the village where she was residing than in the court of some distant justice of the peace in the town of Gaines or the town of Albion.
I find and hold that the demurrer and the motion to dismiss, made on behalf of the defendant, were properly and necessarily denied by the Trial Judge.
Upon the appeal the attorney for the defendant claimed and complained that the jury list had not been prepared and furnished in accordance with sections 219 and 220 of the Justice Court Act. However, the defendant’s attorney had himself demanded a jury upon behalf of the defendant and he challenged no individual juror on these grounds; nor did he challenge the panel on any grounds. The jury list which had been provided for the Police Justice was used. If the attorney for the defendant had objections to the use of that list, he should have challenged the individual jurors or the panel on those grounds in order that the matter might then be determined. *993 (Justice Court Act, § 238; Civ. Prac. Act, § 450.) It would appear that it was only after the jury brought in a verdict unfavorable to the defendant that her attorney became interested in the manner in which the jury list had been made up.
The attorney for the defendant also challenged the right of the village Police Justice to charge or instruct the jury, as requested by the plaintiff. The Police Justice did briefly instruct or charge the jury and the defense attorney claims that, as there is no provision in the Justice Court Act empowering, authorizing or advising a justice of the peace that he has a duty or a right to charge a jury in civil actions, and that charging the jury over defendant’s objections was a reversible error, and defendant’s motion to have a judgment declared void or set aside should be granted. It has long been held that the rule that the jury are judges of both law and facts applies only where the whole matter is left to them without instruction. A justice may charge a jury on a question of law. But if he misdirects them it is error. (Blumburg v. Briggs, 10 N. Y. St. Rep. 242; Chapman v. Fuller, 7 Barb. 70; Stroud v. Butler, 18 Barb. 327; Delancy v. Nagle, 16 Barb. 96; Pettit v. Ide, 12 Abb. Prac. 44, 46.) In criminal cases, he must charge the jury. (Code Crim. Pro., §§ 62, 388, 420.)
The appellant’s attorney also stated, on the argument of the appeal, that subsequent investigation had disclosed that the plaintiff was not the sole owner of record of the premises for which he was claiming rent, but that such premises were in fact deeded to the plaintiff and wife as tenants by the entirety. The complaint alleged that the plaintiff was the owner of the premises and the answer admitted this allegation. Under these circumstances, I hold that it is too late for the defendant to raise this technical objection. Whether the plaintiff was, at the time of bringing the action, the sole owner or a tenant by the entirety authorized by his wife to bring the action in his own name by reason of the fact that he alone had made the contract of rental with the defendant and conducted all the business affairs between the plaintiff and the defendant, does not appear in the record of the proceedings, and the defendant herself had admitted in her answer that the plaintiff was the owner of the premises and the person who had made the contract or agreements with her.
The Trial Judge, in this case, did strike out the testimony of two witnesses, who were called by the defendant and attempted to testify as to the reputation of the plaintiff for truth and veracity, on the stated ground that the testimony of those witnesses was not based on the general reputation of the plaintiff *994 but on their respective personal relationships with the plaintiff. The record shows that the Judge did charge that ‘ ‘ character witness testimony should be disregarded, they can only testify as to witness’ general reputation for truth and veracity ”v Although this charge may be somewhat inadequate or incomplete as reported, my examination of the somewhat meager report of the testimony indicates that there had been no attempt to qualify either of these witnesses to testify as to the character or reputation of the plaintiff, who was a witness for himself, and that the court had ordered that testimony stricken from the record. If the report of the testimony is reasonably complete, neither of these witnesses was shown competent to testify as to the character of the plaintiff or his reputation for truth and veracity, and that testimony was properly ordered stricken from the record.
This is the second time the subject of this litigation has- been tried. On November 25, 1955, a judgment in favor of this plaintiff and against this defendant for $216.80 damages ánd $4.40 costs was taken before a Justice of the. Peace in the town of Albion. Upon appeal, I set that judgment aside, upon, proof that the Justice of the Peace before whom that judgment was taken, had previously acted as attorney or counsel for, the plaintiff in the same matter, in violation of section 492 of the Justice Court Act and section 14 of the Judiciary Law. To set aside the present judgment, which is based upon the ver-, diet of a jury, by reason of the many technical and insufficient arguments, objections and exceptions of the defendant’s attorney would defeat the rights of the plaintiff and encourage endless litigation; and would not be justified by the record- of this trial. l
The appeal of the defendant-appellant is dismissed, with $10 costs. Let order be entered accordingly.