JULIUS H. RODBOURN, Respondent, *v.* THE SENECA LAKE GRAPE AND WINE COMPANY, Appellant.

One C. contracted to erect a building on defendant's premises, eighty per cent of the contract-price to be paid during the progress of the work, the residue when it was completed. After the eighty per cent was paid, a mechanic's lien was filed for materials furnished to C. In an action to foreclose the same, defendant offered to prove that the contractor became unable to complete the building, and, after the filing of the lien, defendant, in order to complete it, was forced to, and did, purchase materials and pay for labor to an amount exceeding the residue unpaid. The evidence was excluded. *Held*, error; that expenditures made under such circumstances could not be treated as payments to the contractor upon his contract, which would, under the mechanic's lien law of 1854 (chap. 412, Laws of 1854, as amended by chapter 558 of Laws of 1869) render the owner liable to a material-man, even although there was no formal abandonment of the contract.

*McMillan* v. *Seneca Lake Grape and Wine Company* (5 Hun, 12) reversed.

(Argued September 28, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, *sub nom. McMillan* v. *S. L. G. and W. Co.*, 5 Hun, 12.)

This was an action to foreclose a mechanic's lien. The original plaintiff was George McMillan; after judgment, he assigned it to the present plaintiff, who was substituted as plaintiff.

In July, 1871, defendant contracted with S. B. Coe for the erection, by the latter, of a building upon its premises, in Yates county. Eighty per cent of the contract-price Coe was to

receive during the progress of the work, and the balance when the building was completed. McMillan sold and delivered to Coe a quantity of lumber to be used, and which was used, in the construction of said building. Within thirty days after the delivery of the last of said lumber, and on the 28th February, 1872, McMillan filed a notice of lien for a balance unpaid to him. Previous to the filing of such notice, defendant had paid more than the eighty per cent.

Upon the trial, defendant offered to show that " on the 28th of February, 1872, the contractor became unable to complete the building or to advance the necessary funds to purchase material therefor, and to pay laborers thereon, and that the defendant, in order to complete the said building, was forced to, and did, purchase materials therefor, and pay laborers thereon, to an amount exceeding the price agreed to be paid in said contract." This was objected to by plaintiff as incompetent and immaterial. Objection sustained, and exception taken by defendant.

The referee directed judgment for the balance unpaid upon the contract at the time of filing the notice.

*William Rumsey* for the appellant. The motion for a non-suit should have been granted, even after the evidence of the contractor had been received. (*Haswell* v. *Goodchild*, 12 Wend., 373, 376 ; *Sullivan* v. *Brewster*, 1 E. D. S., 681, 685 ; *McKyring* v. *Bull*, 16 N. Y., 303.) The referee erred in excluding the evidence that, on February 28, 1872, the contractor became unable to complete the building or purchase material therefor, or pay for labor thereon, and that defendant, in order to complete the building, was obliged and did expend more than the sum agreed to be paid on the contract. (*Smith* v. *Ferris*, 1 Daly, 19, 22 ; *Ferguson* v. *Burk*, 4 E. D. S., 760 ; *Doughty* v. *Devlin*, 1 id., 625, 634 ; *Owens* v. *Ackerson*, id., 691 ; *Miner* v. *Hoyt*, 4 Hill, 193 ; *Smith* v. *Coe*, 2 Hilt., 365 ; 29 N. Y., 666 ; *White* v. *Maynard*, 111 Mass., 250 ; *Osgood* v. *Toole*, 60 N. Y., 475 ; *Bailey* v. *Johnson*, 1 Daly, 61 ; *Smith* v. *Brady*, 17 N. Y., 173, 188.)

*William S. Briggs* for the respondent. The payments made by defendant after February 28, 1872, as against plaintiff, were to be treated as no payments, to the extent of the unpaid contract-price. (*Carman* v. *McIncrow*, 13 N. Y., 70.)

Rapallo, J. We think that the court erred in excluding the evidence offered to prove that the contractor became unable to complete the building; and that, after the filing of the notice of lien, the defendant, in order to complete the building, was forced to, and did, purchase materials and pay laborers to an amount exceeding the contract-price, and that the contractor did not complete the building.

Expenditures made under such circumstances should not, we think, be treated as payments to the contractor upon his contract, which should render the owner liable to a material-man who had before such payments filed a notice of lien. The amounts so paid were never earned by the contractor, nor did they belong to him. The fact that, by the terms of the contract, the owner had the right to charge such payments to the contractor did not confer any rights upon the material-man. He was entitled, by virtue of his lien, to such sums as the contractor was, at the time of the filing of the notice, or might afterwards become entitled to receive under his contract, but no more. He was protected by the statute against the extinguishment of the contractor's right by payment after notice of the lien; but payments made by the owner to third parties for work or materials which the contractor had failed to furnish, and which the owner was compelled to obtain on his own responsibility, in order to complete the building, were not prohibited by the statute; and even though there were no formal abandonment of the contract, such payments did not subject the owner to liability to the person filing the notice of lien. It is only what the contractor earns under his contract that is reached by the lien. In this case, payments made to third parties were treated as an admission of indebtedness of the owner to the contractor. We think that the owner should have been permitted to prove the circumstances under which

the payments were made, and that the contractor was in default.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.