## CHEMUNG COUNTY COURT.

### THOMAS SWEET agt. PATRICK FLANNAGAN.

*Jurisdiction of county courts — Constitutional law — Chapter 480, Laws of 1880, constitutional.*

County courts have jurisdiction of an action brought to recover damages for an alleged assault and battery where the amount demanded is $2,000.

Chapter 480 of the Laws of 1880, conferring jurisdiction upon county courts, where the defendants reside in the county in which the action is brought, when the relief demanded is the recovery of a sum of money not exceeding $3,000, is constitutional.

MOTION to dismiss complaint on cause being moved for trial, on ground that the county court has no jurisdiction of the cause of action stated in the complaint.

The action is brought to recover damages for an alleged assault and battery, and the amount demanded is $2,000.

*Charles A. Collin*, for plaintiff.

*John Moore*, for defendant.

SEYMOUR DEXTER, *Chemung County Judge.*— It is insisted that chapter 480 of the Laws of 1880, conferring jurisdiction upon county courts, where the defendants reside in the county in which the action is brought, where the relief demanded is the recovery of a sum of money not exceeding $3,000, is unconstitutional. So far as we are advised no decision has been made upon the question ; at least none has been reported. The question is an important one, and demands careful examination. Section 15 of article 6 of the constitution provides, among other things :

(1.) "The county court shall have the powers and jurisdiction they now possess until altered by the legislature."

(2.) "They shall also have original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed one thousand dollars." "And also such appellate jurisdiction as shall be provided by law, subject, however, to such provisions as shall be made by law for the removal of causes into the supreme court."

(3.) "They shall also have such other original jurisdiction as shall, from time to time, be conferred upon them by the legislature."

*First.* Is there anything in these provisions which expressly prohibit the legislature from extending the jurisdiction of the county court, as provided by the provisions of said chapter 480 ? There can be but one answer to this question, and that in the negative. These provisions contain no words of express limitation upon the power of the legislature touching the question under consideration.

*Second.* Is there an implied limitation upon the power of the legislature contained in the language used ? The first provision above quoted, preserving to the county courts the powers and jurisdiction they then possessed,

expressly recognizes the power of the legislature to alter the same — that is, the powers and jurisdiction then possessed by the county courts were continued in the said court, "until altered by the legislature."

The last provision above quoted expressly recognizes the power of the legislature to confer upon the county courts, such other original jurisdiction as they shall deem wise from time to time.

If the language used implies a limitation, it must be found in the word *other*, and to imply such limitation it must be held that the word "*other*" is used. in an exclusive sense, as though the provision read : " They shall also have such other original jurisdiction, differing in the subject-matter from that granted by the foregoing provisions, as shall from time to time be conferred upon them by the legislature."

It will be noted, in this connection, that such exclusive meaning of the word " other," if it exist, can only have application to the provision conferring jurisdiction where the defendants reside in the county, and the damages claimed do not exceed $1,000. For the reason as above shown, the provision preserving to the county courts the powers and jurisdiction then possessed, expressly recognizes the power of the legislature to alter the same, and as to its appellate jurisdiction, it is expressly provided that it shall be such " as shall be provided by law."

The county court being a court of limited jurisdiction and having only such powers and jurisdiction as are conferred upon it by the constitution, or laws framed thereunder, it seems that the jurisdiction of an action in which the defendants resided in the county and the damages claimed was a sum of money exceeding $1,000, was just as much "*other*" original jurisdiction as the power to grant a divorce or issue a writ of *mandamus*. The word " *other*," in its usual meaning, is only exclusive in the sense of referring to something not included in what precedes it. It must be conceded that the manner of its use in this provision, does not *necessarily* imply

a limitation upon the power of the legislature.    That the language employed is subject to two constructions, is equally clear.

*Third.* Finding nothing in the language itself *necessarily* controlling in the construction that shall be placed upon it, we will next examine and ascertain the intent, if we are able so to do, of the framers of the constitution.    On referring to the proceedings of the constitutional convention, we find the provision relating to the powers and jurisdiction of the county court as reported to the convention by the judiciary committee, to have been as follows : " The county court as at present existing shall be continued with such original and appellate jurisdiction, as shall from time to time be conferred upon it by the legislature " (*Journal of Proceedings, p.* 804 ; *Proceedings and Debates, p.* 2592).

Here is an unequivocal expression that the whole subject of what original jurisdiction should be, possessed by the county court, should be left with the legislature, and forms a starting point in ascertaining the intent of the convention.    In the consideration of this provision in the committee of the whole, an interesting debate sprung up touching the jurisdiction that should be possessed by the county court.    It began upon an amendment offered that " they should have original jurisdiction in all actions of slander, libel, malicious prosecution, assault and battery, false imprisonment, seduction and breach of promise of marriage, and  shall also have such other original and such appellate jurisdiction as shall, from time to time, be conferred upon it by the legislature" (*Proceedings and Debates, p.* 2592).

A long discussion ensued touching the advisability of making the county court, by the terms of the constitution itself, one having original jurisdiction of a certain class of cases, or whether the subject should be left wholly to the wisdom of the legislature, as provided by the committee's report.    It will be noted that the word "*other*" in the above amendment was used clearly with the intent of leaving in the legislature, power to extend the jurisdiction of the county court as they

should deem wise. A substitute for this amendment was then proposed, giving original jurisdiction in all cases where the defendants resided in the county and the damages claimed was a sum of money not exceeding $1,000 (*Proceedings and Debates, p.* 2594).

The purpose of this was to make the jurisdiction general within the limits named, and not confine it to a class of litigation. These proposed amendments were voted down in the committee of the whole, leaving the report of the judiciary committee to stand in that regard (*Proceedings and Debates, p.* 2602).

When the consideration of the report of the committee of the whole came up in the convention, the mover of the substitute above mentioned proposed the following amendment, to be inserted after the word "continued" in place of the committee's report: "And shall have original jurisdiction in all cases where the parties reside in the county in which the damages claimed shall not exceed $1,000, and also such appellate jurisdiction as shall be provided by law, subject, however, to such provisions as shall be made by law for the removal of causes into the "supreme court, and for limiting appeals from said county court to the supreme court."

Another discussion ensued. Upon the one side it was claimed that it was best to leave the whole matter to the legislature to determine, and upon the other that it was best by the terms of the constitution itself to give certain original jurisdiction. That by so doing it would tend to elevate the character of the court and naturally aid in reducing the number of causes upon the over-burdened circuit court calendar, and would bring first-class talent from among the bar to fill the place of county judge.

There does not appear, anywhere in the discussion, a desire upon the part of any number of the convention to limit the power of the legislature to confer further and greater jurisdiction in the future if they should deem it wise.

The amendment was adopted, but subsequently the last

clause with reference to limiting appeals to the supreme court was stricken out. But by the adoption of this amendment the power of the legislature had been stricken out. No one seemed to desire that, and Mr. Lapham offered an amendment to be added at the end of the one adopted : "And it shall have such other original jurisdiction as shall from time to time be conferred upon it by the legislature." In speaking in support of his amendment he said : "The amendment which I propose will enable the legislature from time to time, as may be found necessary, to enlarge the jurisdiction of this tribunal, and thus relieve the circuit calendar from the *onus* thrown upon them by the course taken by the convention of 1846." This amendment was adopted without much debate and without division (*Journal of Proceedings, p.* 808 ; *Proceedings and Debates, p.* 2675–6).

The constitution of 1846 provided that "The county court shall have such jurisdiction in cases arising in justices' courts and in special cases as the legislature may prescribe ; but shall have no original civil jurisdiction except in such special cases."

Assuming to act under this provision the legislature had enacted, "That the county court should have jurisdiction of civil actions in which the relief demanded is the recovery of a sum of money not exceeding $500, and in which all the defendants are residents of the county in which the action is brought at the time of its commencement" (*Sec.* 30, *old Code*). The court of appeals had held this action of the legislature as unwarranted by the constitution, and the act unconstitutional (*Kundolf* agt. *Thalheimer et al.*, 12 *N. Y.*, 593). Thus it was settled that under the constitution of 1846 the legislature had no power to confer original jurisdiction upon the county courts in common-law actions.

It is clear that it was the intent of the convention to change the policy of the old constitution with reference to county courts. Did the convention place the sum of $1,000 in the constitution with intent to make it a constitutional limit which the legislature could not enlarge, or was such limit named

therein simply because by the terms of the constitution itself, without legislative enactment, original jurisdiction was conferred to that extent, without in anywise intending to limit the power of the legislature in the premises under the general clause before quoted?

Upon a careful examination of the proceedings and debates in the constitutional convention upon the subject, it seems to us clear, that it was not the intent to limit the power of the legislature in the premises, but it was the intent to make them courts of original jurisdiction within the limits named, and give power to the legislature to enlarge it, if in the future it seemed wise so to do. Any other conclusion results in holding that the convention were unwilling to confide to the legislature the power of enlarging the jurisdiction in actions when the relief demanded was a sum of money, but in all other actions and special proceedings were willing to trust the wisdom of the law making power.

Finding nothing in the language employed by them in these constitutional provisions, and nothing in their proceedings or debates to necessarily warrant the conclusion that they were guilty of such inconsistency, we are constrained to hold that they were not and that chapter 480 of the laws of 1880, is constitutional. It is claimed that this conclusion is not in accord with the reasoning of the court in *Landers* agt. *The Staten Island Railroad Company* (53 *N. Y.*, 450). Such claim would have force if the act under consideration changed the character of the county court from one of local to one of general jurisdiction territorially, but such is not the case ; and the case has no application to the question under consideration, but so far as the reasoning of judge ALLEN, in his opinion, has application, it justifies the conclusion reached, that the legislature have power to enlarge the jurisdiction so long as the local character of the court is retained.

Another objection is raised to said chapter 480, namely : That chapter 480 of Laws of 1880, was an amendment to section 1, chapter 467, Laws of 1870; that said section 1, chap-

.ter 467, Laws of 1870, had been repealed by Laws of 1880, chapter 245, and hence did not exist so that it could be amended when said chapter 480 was passed. A complete answer to this objection would seem to be that chapter 245, Laws of 1880, was not to take effect until September 1, 1880, and hence section 1, chapter 467, Laws 1870, was not, in fact, repealed at the time chapter 480, Laws of 1880, was passed. That the passage of chapter 480, Laws 1880, being subsequent to the passage of chapter 245, Laws of 1880, the former (chapter 480) must be held to have modified the effect of the latter (chapter 245) so far as the same are in conflict, and said chapter 480 having been passed subsequent to the new Code, must also be held to modify the provisions of section 340 thereof.

The motion to dismiss the complaint is denied.