MORGAN v. TAYLOR et al.

(Common Pleas of New York City and County, General Term. June 3, 1889.)

1. MECHANICS' LIENS—PRACTICE—APPEAL.
Where the judgment in an action to foreclose a mechanic's lien is that the lien filed by plaintiff was fatally defective, and plaintiff does not appeal therefrom, he cannot, on appeal by the property owner, apply in this court for an order curing his defective lien.

2. SAME—RIGHTS OF DEFENDANT—CLAIMANTS.
Under consolidation act N. Y. c. 23, § 1815, providing that all persons who have filed claims for mechanics' liens may set forth such claims in their answers, and the court may decide "as to the extent, justice, and priority of the claims of all the parties to the action," the failure of the plaintiff in such action to establish his claim cannot prevent other lienors, who are made defendants, from obtaining relief under their claims.

3. SAME—CLAIM OF LIEN—NAMES AND RESIDENCES OF CLAIMANTS.
Laws N. Y. 1883, c. 276, (amending the consolidation act,) § 14, requiring the claim to state the names and residences "of all the claimants," means such claimants only as are interested in the particular claim.

4. SAME—EXCESSIVE CLAIM.
The fact that the claim is for more than the claimant proves to be entitled to does not vitiate the lien for the actual amount due.

5. SAME—STATEMENT OF CLAIM.
Under Laws 1883, c. 276, § 14, it is sufficient if the claim is filed by original contractors within 60 days after the completion of their contracts, and by subcontractors within 30 days after the completion of the building, furnishing of the material, etc.; and the claim filed need not show when the work was performed, nor when it was completed. The facts may be shown on the trial.

6. SAME—DAMAGES FOR BREACH OF CONTRACT.
Though a contractor be wrongfully prevented from fully performing his contract, he has no lien on the property for the damages for the breach, but is confined to the value of the work and materials actually furnished.

Appeal from judgment on report of referee.

Action by William Morgan against Catharine Taylor, to enforce a mechanic's lien. Defendant Taylor appeals from a judgment entered in favor of lienors John J. Kierst and Kelly & Smith.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

B. C. Chetwood, for plaintiff. Wakeman & Campbell, for defendant Taylor. Bernard Metzger, for defendant Kierst. Isaac L. Egbert, for defendants Kelly & Smith.

BOOKSTAVER, J. This action was brought by the plaintiff, a subcontractor, against the appellant, Catharine Taylor, the owner, and the lienors above mentioned, to foreclose a mechanic's lien. The referee found that the lien filed by the plaintiff was so defective as to render it void. To this finding plaintiff excepted, but from the judgment entered thereupon has taken no appeal. He therefore has no standing in court for any purpose, much less to ask for an order of this court at general term to cure his defective lien. If this can be done at all, which is doubtful, it can only be granted in the first instance at special term, upon proper papers.

On the other hand, the appellant contends that, because the plaintiff failed in his claim, the other lienors are entitled to no judgment whatever. The authorities cited do not sustain this contention. The liens in question, if any, were acquired under chapter 23 of the consolidation act of 1882, as amended by Laws 1883, c. 276. Section 1815 of the first-mentioned act provides that all persons who have filed claims on the property may set forth such claims in their answers, and the court in which the action is pending may decide "as to the extent, justice, and priority of the claims of all the parties to the action," and must, of course, render judgment accordingly. Hence the failure of the plaintiff to establish his claim cannot prevent other lienors, who have established valid claims, from obtaining such relief as they may be entitled to.

The appellant further contends that neither Kierst, the principal contractor in whose favor judgment was entered on the report of the referee, nor Kelly & Smith, the other contractors, had established any valid lien on the premises in question. As to Kierst's claim, it is insisted: "It is fatally defective on its face." By section 14, c. 276, before referred to, the claim must state the names and residences of all the claimants, which it does not. This argument proceeds on the theory that "all the claimants" means all the persons who have claims against the same property, but it is apparent from the context that this phrase refers only to those who are interested in any particular claim, and this Kierst states fully in the very first lines of the claim filed. The objection that the claim is too indefinite is equally untenable; it is as definite and precise as the circumstances of the case permitted. It is true that it claims more than Kierst is entitled to, as we shall show hereafter, but that fact alone will not vitiate the lien as to work and materials actually furnished, and for which he is entitled to recover in this action. Indeed, it but seldom happens that a lienor files his lien only for the exact amount finally adjudged due him. It is generally made large enough to cover everything to which the lienor may in any event be entitled, for the reason there can be no recovery beyond the amount claimed in the lien filed. *Lutz* v. *Ey*, 3 E. D. Smith, 621; *Protective Union* v. *Nixon*, 1 E. D. Smith, 671.

The objections to the lien of Kelly & Smith are that the claim filed does not state when the work was done, nor when it was completed, nor "the time given." As to the first two objections, the statute does not require that the notice of claim itself must show these facts. It is sufficient if the claim is filed by original contractors within 60 days after the completion of their contracts, and by subcontractors within 30 days after the completion of the building, furnishing of the material, etc. Section 14, c. 276, Laws 1883. It would doubtless be convenient to have these *data* appear on the face of the claim, but it is not required, and, if it is filed within the time specified by the law, the fact may be shown on the trial. The words "time given," as used in the last-mentioned section, are ambiguous. They may mean the time fixed for the completion of the work, or the time given for the payment of the work. But it is unnecessary for us to determine which is the correct interpretation of these words at this time, for the case shows that no time was fixed by the verbal contract made with Kelly & Smith within which the work was to be done, and consequently none could have been stated in the notice of claim. And if those words refer to the time given for the payment of the money, then it is sufficiently stated, as the lienors specified that the work was to be paid for in cash when done. We are therefore of the opinion that both Kierst and Kelly & Smith had valid liens on the premises in question.

But the amount due Kierst under his lien presents a much more serious question. The referee has specifically found the amount due him for extra work. He further finds that Kierst substantially complied with his principal contract to a certain point, and was ready and willing to fully perform it, but was prevented from so doing by the appellant; and then finds that the whole contract price was due him by reason thereof, without regard to the work or materials actually furnished under it. Appellant's acts in preventing the completion of the contract relieved Kierst from fully performing it, and gave him a right to claim a lien for the work actually done and materials furnished. *Fallon* v. *Lawler*, 102 N. Y. 228, 6 N. E. Rep. 392; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 200. The case was tried on the theory that where the contractor is ready and willing to fully perform, but is prevented from doing this through the fault of the other contracting party, he is entitled to the full contract price, although the work was not finished. This rule of law cannot be applied in a case like the present. The action is to foreclose a mechanic's lien acquired under the acts before referred to. These statutes, as the prior ones on which they were founded, simply provide additional security to the laborer and ma-

terial-men for work or labor done and materials furnished; but such lien cannot be extended to damages for a breach of the contract. The remedy for such breach is by an action at law, for such damages are not a lien upon the property which was to be improved. *Dennistoun* v. *McAllister*, 4 E. D. Smith, 729; *Rodbourn* v. *Wine Co.*, 67 N. Y. 215. We regret that the case was tried in a way which renders it impossible for us to ascertain from the evidence what the value of the work and materials actually furnished is, so that we cannot modify the judgment to conform to the law. It will therefore have to be reversed, and a new trial ordered, with costs to abide the event, unless Kierst will reduce the judgment to the amount found due him for the extra work only, which decision must be made within 10 days after the entry and service of the order upon this appeal; in which case the judgment, as so reduced, must be affirmed, without costs. If a new trial is had, Kierst must be allowed the value of the work and materials furnished by him and his subcontractors under the contract, up to the time the appellant prevented him from going on with it, and also for the extra work done and materials furnished by him, but nothing for damages. All concur.