JOHN H. VAN CLIEF et al., Respondents, *v.* HANNAH R. VAN VECHTEN, Impleaded, etc., Appellant.

Under the Mechanics' Lien Law of 1885 (Chap. 342, Laws of 1885), a lien filed attaches to the *locus in quo* to the extent of any sum then due, or which thereafter becomes due, pursuant to the contract under which the work is being done, or if the contractor abandons the contract without just cause and the owner completes the building in accordance with and under a provision of the contract permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed.    (FOLLETT, Ch. J., dissenting as to last proposition.)

In an action by a lienor who claims a sum due under the contract, he is under the same obligation to prove performance and to the same extent as would the contractor in an action by him.

Where, therefore, the lienor, in an action to foreclose his lien, claims an installment due, and it appears that the contractor abandoned and willfully refused to perform the contract after due notice, the lienor must show performance of its stipulations entitling the contractor to the payment, without any omission so substantial in its character as to call for an allowance of damages if he had acted in good faith.

In such an action it appeared that after the contractor abandoned the work, the owner, as authorized by the contract, completed the building herself, although not required so to do, and although she had threatened to cancel it.    In her answer the owner asked to have the amount expended by her in completing the building to be allowed as a set-off or counter-claim. *Held* (FOLLETT, Ch. J., dissenting), that it was to be presumed that the

work so done by her was under the contract, and that it thus continued operative through her action; that the amount paid by her for this purpose was in legal effect paid for the contractor and the difference between the sum thus expended and the amount unpaid on the contract became due under it, and to the extent of that sum plaintiffs' lien attached.
The action to foreclose the lien was commenced in a County Court; the lien was for $1,670.10. The complaint was amended on trial so as to demand only $800. It was claimed by the owner that the court did not have jurisdiction. *Held,* that as there was nothing in the summons to show what the action was brought for, it being under the Code of Civil Procedure of the same form in all cases (§§ 416, 418), the court acquired jurisdiction when it was served and had power to amend the complaint. *McIntyre* v. *Carriere* (17 Hun, 64), distinguished.
Reported below, 55 Hun, 467.

(Argued December 7, 1891; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 14, 1890, which affirmed a judgment in favor of the plaintiffs entered upon the report of a referee.

This action was brought in the County Court of Richmond county for the foreclosure of a mechanic's lien.

On the 31st of March, 1886, the defendant Smalle agreed to furnish the materials and erect a building for the defendant Van Vechten for the sum of $4,298, less $275, for a fire-place, heater and furnace, making the net price $4,023, payable $1,000 when the building was sheathed; $1,000 when the exterior was finished; $800 when the plastering was finished, and the balance when the entire work was completed, such payments to be made upon the certificate of the architect in charge. The work was to be completed by the 15th of October, 1886, and if incomplete at that time, said contractor was to forfeit $10 a day for every day that the building continued unfinished. The contract also provided that if the contractor at any time during the progress of the work should refuse or neglect to supply a sufficiency of materials or workmen, the owner should have power, after three days' notice in writing, to provide materials and workmen and finish the work and that the expense should be deducted from the contract price.

Smalle entered upon the performance of his contract and was paid by Mrs. Van Vechten $1,000, June 1, 1886, and $1,000, July 27, 1886.

The plaintiffs furnished materials worth $1,264.35 to Smalle, that were used in the building, and other materials worth $405.75 to the defendants Newman, who were sub-contractors with Smalle, that were also used in the building. On the 17th of September, 1886, and within ninety days after such materials had been so furnished and used, the plaintiffs filed a notice of lien, in the usual form, under the General Mechanic's Lien Act of 1885. September 22, 1886, Smalle abandoned his contract, leaving the building incomplete, and refused further performance, although notified by Mrs. Van Vechten to go on with the work and that in default thereof she " would cancel and forfeit said contract and make other arrangements to complete the building." After such refusal Mrs. Van Vechten furnished materials and employed workmen to finish the building at an expense of $1,905.20. The work was thus completed February 15, 1887, and the same was done under the direction of the architect mentioned in the original contract and according to the plans and specifications named therein. Smalle demanded no payment of the owner after July 27, 1886, and served no answer in this action.

The referee found that when the lien was filed " Smalle had earned and there was remaining unpaid to him on account of said contract the sum of $900, and at that time the plastering upon said building was substantially finished and there was due and unpaid Smalle under said contract the sum of $800 over and above all payments theretofore made to him thereon by defendant Van Vechten." He refused upon due request to allow anything to Mrs. Van Vechten on account of the sum paid by her to complete the building after its abandonment by Smalle, although she had demanded in her answer to be allowed that sum as a set-off. Judgment of foreclosure was rendered for the sum of $800, with interest thereon from September 17, 1886. Upon the trial the complaint was amended so as to conform to the proof and to demand only $800, besides interest,

and thus bring the claim within the conceded jurisdiction of the County Court.

The General Term held that, although nothing was due under the contract, as between contractor and owner, still as the property of the lienors had been used in the building and the owner had received value therefor over and above her payments, to the extent of $800 and interest, the judgment should be affirmed.

*Ezekiel Fixman* for appellant. The only judgment or relief which the plaintiff could have as against the owner, is for the sum which was due pursuant to the terms of the contract from the owner to the contractor at the time of the filing of the sub-contractor's lien, or that which became due subsequently. (*Cook* v. *O. F. F. Union*, 49 Hun, 23; *Cheney* v. *Troy Hospital*, 65 N. Y. 282; *Crane* v. *Genin*, 60 id. 127; *Rodbourn* v. *S. L. G. & W. Co.*, 67 id. 213; *Lombard* v. *S. B. & N. Y. R. R. Co.*, 55 id. 491; *Sullivan* v. *Brewster*, 1 E. D. Smith, 681; *Spaulding* v. *King*, Id. 718; *Ferguson* v. *Burk*, 4 id. 767; *Rudd* v. *Davis*, 1 Hill, 277; *Smith* v. *Coe*, 2 Hilt. 365; 29 N. Y. 669; *Baily* v. *Johnston*, 1 Daly, 61–67; *Cox* v. *Broderick*, 4 E. D. Smith, 721; *Haswell* v. *Goodchild*, 12 Wend. 373.) Nothing was due and unpaid under the terms of the contract from the owner to the contractor at the time the plaintiffs filed their notice of claim or lien, as was held by the General Term, and from this it follows, and it should be held that the said notice of claim or lien so filed by the plaintiffs was ineffectual to charge the defendant Van Vechten's property and this action cannot be maintained against her. (*Wyckoff* v. *Meyers*, 44 N. Y. 145; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 id. 463; *B. N. Bank* v. *Mayor*, 63 id. 339; *Smith* v. *Brady*, 17 id. 176; *U. S.* v. *Robeson*, 9 Pet. 319; *Thomas* v. *Floery*, 26 N. Y. 26; *Smith* v. *Wright*, 4 Hun, 652; 39 N. Y. 380; *Handley* v. *Walker*, 8 Lawy. 207; *Larkin* v. *McMullen*, 120 Minn. 206.) Plaintiffs did not by filing their notice of claim acquire a valid or effectual lien against the defendant Van Vechten's property, and this action

should be dismissed. (*Morgan* v. *Stevens*, 6 Abb. [N. C.] 356; *O'Donnell* v. *Rosenberg*, 14 Abb. [N. S.] 59; *Crane* v. *Genin*, 60 N. Y. 130; *Larkin* v. *McMullen*, 120 id. 206; *Cunningham* v. *Jones*, 4 Abb. Pr. 433; 20 N. Y. 486; *Smith* v. *Brady*, 17 id. 173; *Glacius* v. *Black*, 50 id. 145; *Finn* v. *O'Hara*, 2 E. D. Smith, 560; *Prouser* v. *Florence*, 4 Abb. [N. C.] 136; *Crane* v. *Genin*, 60 N. Y. 127; *Murphy* v. *Bruckman*, 66 id. 297; *Wheeler* v. *Schofield*, 67 id. 311; *Taylor* v. *Mayor, etc.*, 83 id. 625; *Crawford* v. *Becker*, 13 Hun, 375.) Defendant Van Vechten has a good and valid counter-claim as against the plaintiffs, and all the defendants who filed liens, and that sum should be allowed to the defendant Van Vechten and deducted from the contract price, or from any sum that was due when plaintiffs filed their lien, in the event that it is held that the contract was not forfeited by Smalle's default. (*Murphy* v. *Bruckman*, 66 N. Y. 297; *Heckman* v. *Pinkney*, 81 id. 211; *Taylor* v. *Mayor, etc.*, 83 id. 625; *Crawford* v. *Becker*, 13 Hun, 375; *Smith* v. *Ferris*, 1 Daly, 18; *Rodbourn* v. *S. L. G. & W. Co.*, 67 N. Y. 215; *Larkin* v. *McMullen*, 120 id. 206.) The owner Van Vechten may for the purpose of reducing or defeating the claim in this action, avail herself of all matters allowable by way of recoupment or counter-claim arising out of the contract between the owner and the contractor, and which would be available against the contractor in an action by him, the right of the parties being determined by the facts existing at the time of the creation of the lien. (*Cheney* v. *T. H. Assn.*, 60 N. Y. 281; *Morgan* v. *Stevens*, 6 Abb. [N. C.] 363; *O'Donnell* v. *Rosenberg*, 14 Abb. Pr. [N. S.] 59; *Miller* v. *Moore*, 1 E. D. Smith, 739; *Hoyt* v. *Hill Miner*, 7 Hilt. 525; *Develin* v. *Mack*, 2 Daly, 100; *Gourdier* v. *Thorp*, 1 E. D. Smith, 698; *Heckman* v. *Pinckney*, 81 N. Y. 211; *Larkin* v. *McMullen*, 120 id. 206; *Crawford* v. *Becker*, 13 Hun, 375.) The finding of the referee that $2,900 was earned, is not supported by the proofs, and the exception to it was well taken. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *Sheldon* v. *Sheldon*, 51 id. 354; *Kennedy* v. *Porter*, 109 id. 526; *Wright*

v. *Roberts*, 43 Hun, 113.) The County Court had no juris-
diction of the subject-matter of this action. (Code Civ. Pro.
§§ 340, 499; 1 Rumsey's Pr. 53; *Avery* v. *Willis*, 24 Hun,
348; *Gilbert* v. *York*, 111 N. Y. 544; *Lenyard* v. *Lynch*, 62
How. Pr. 56; Laws of 1870, chap. 467, § 1; Laws of 1880,
chap. 480; *Robinson* v. *O. S. N. Co.*, 111 N. Y. 316; *Davids-
burgh* v. *K. L. Ins. Co.*, 80 id. 526; *Wheelock* v. *Lee*, 74 id.
495.) Plaintiffs have not proven a cause of action upon which
the defendant Van Vechten is in any way personally liable, or
for which her property could be made subject to the notice of
claim or lien of the plaintiffs, or of any of the other defend-
ants. (Laws of 1885, chap. 348.)

*David Thornton* for respondents. Plaintiffs were entitled
to the sum of $800, not only unpaid, but actually earned
under the contract. (*Wright* v. *Roberts*, 43 Hun, 413;
*Heckman* v. *Pinkney*, 81 N. Y. 211; *Graf* v. *Cunningham*,
109 id. 369; *Sheffield* v. *Leffler*, 3 N. Y. Supp. 150.) Even
if it were as claimed by defendant, that the owner's liability
was only to the extent of the amount payable by the terms of
the contract to Smalle at the time of the filing of the lien, the
plaintiffs' recovery was proper. (*Graf* v. *Cunningham*, 109
N. Y. 369.) The question of jurisdiction of the County Court
of the subject-matter of this action, raised by defendant, was
properly determined by the county judge, the referee and Gen-
eral Term herein. (*Sweet* v. *Flanagan*, 61 How. Pr. 327.)
Having once acquired jurisdiction of the action by the service
of the summons, it is within the power of the court to amend
the complaint or other proceedings. (*McIntyre* v. *Currier*,
17 Hun, 64; *Dwyer* v. *Rathbone*, 17 N. Y. S. R. 443; *Camp-
bell* v. *Mandeville*, 110 N. Y. 628.) The question of residence
of the owner, Van Vechten, was not raised until after the trial
was completed before the second referee. It was then too late.
It was not taken by demurrer or answer, and was waived.
(*McMahon* v. *Sherman*, 14 N. Y. S. R. 637; Code Civ. Pro.
§ 499.)

Vann, J. The statute applicable to the subject of this action is chapter 342 of the Laws of 1885, as it stood before it was amended by chapter 316 of the Laws of 1888. As we construe that statute and read the decisions made thereunder, as well as those made under similar statutes, we think that the following rules determine the extent to which a mechanics' lien, filed by a sub-contractor or a material-man, attaches to the *locus in quo:*

1. If anything is due to the contractor, pursuant to the terms of the contract, when the lien is filed, it attaches to that extent.

2. If nothing is due to the contractor according to the contract, when the lien is filed, but a certain amount subsequently becomes due thereunder, the lien attaches to the extent of that sum.

3. If nothing is due to the contractor pursuant to the contract, when the lien is filed and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed. (*Larkin* v. *McMullin*, 120 N. Y. 206; *Powers* v. *City of Yonkers*, 114 id. 145; *Mayor, etc.,* v. *Crawford*, 111 id. 638; *Graf* v. *Cunningham*, 109 id. 369; *Taylor* v. *Mayor, etc.,* 83 id. 625; *Heckmann* v. *Pinkney*, 81 id. 211; *Gibson* v. *Lenane*, 94 id. 183; *Rodbourn* v. *Seneca Lake Grape & Wine Co.*, 67 id. 215; *Lombard* v. *Syracuse, B. & N. Y. R. R. Co.*, 55 id. 491; 15 Am. & Eng. Encyc. 78, 84.)

The first question presented for decision is whether there was anything due from the owner to the contractor, according to the terms of the contract, when the lien was filed. This depends on whether there is any evidence to support the finding of the referee that the plastering had been substantially finished at the time of the filing of the lien, for according to the contract, the third payment of $800 was to become due when the work had progressed to that extent. Evidence was given in behalf of the owner tending to show that it was worth

$200 to complete the plastering, and that the mason who did it was paid that amount. The witnesses for the plaintiffs, however, testified that it was worth much less. As the conflict in the evidence raised a question of fact, the version most favorable to the plaintiffs and most strongly tending to sustain the finding of the referee must be accepted as that upon which he acted.

The only witnesses for the plaintiffs as to the quantity or value of the unfinished plastering were the defendants Newman, who as sub-contractors with Smalle, were engaged in doing the mason work when the lien was filed, and they stopped work on that account. One of these gentlemen testified in substance that the cornice had not been run nor the last coat put on the main hall; that the stairs were not up, "so it was not plastered under the stairs;" that he could not say that the plastering was all done in the second-story hall; that "it was not finished, that is, it had not the last coat;" and that it would cost from $20 to $25 to complete the plastering in the hall. The other sub-contractor testified that the last coat on the side walls of the parlor and the last coat in the entrance hall was not on and about forty feet of cornice work had not been run; that the stairs were not wholly up and not plastered; that the plastering was not done in the second-story hall, "and of course, the plastering was not on all the stairs;" "I have said four times there was no plastering done under the stair-cases and in the hall;" that it was worth about $30 to finish the plastering.

All of the witnesses for the defendant testified that there was more plastering to be done, and that it would cost more than the sub-contractors stated in their testimony.

Although the referee found that the sum of $200 was paid for completing the plastering, he refused to find that it was fairly and reasonably worth that amount. The learned General Term apparently held that the plastering was not finished, because they say in their opinion that " as between contractor and owner, nothing was due under the contract." The third payment of $800 was not simply for the plastering, but for the plastering and all other work that necessarily preceded it,

after the completion of the exterior, which made the second payment due. The cost of completing the stairs must be added to the cost of completing the plastering, for the latter could not be done until the former had been done. The question of substantial performance depends somewhat on the good faith of the contractor. If he has intended and tried to comply with the contract and has succeeded, except as to some slight things omitted by inadvertence, he will be allowed to recover the contract price, less the amount necessary to fully compensate the owner for the damages sustained by the omission. (*Woodward* v. *Fuller*, 80 N. Y. 312; *Nolan* v. *Whitney*, 81 id. 648; *Phillip* v. *Gallant*, 62 id. 256, 264; *Glacius* v. *Black*, 50 id. 145; *S. C.*, 67 id. 563, 566; *Johnson* v. *DePeyster*, 50 id. 666; *Sinclair* v. *Tallmadge*, 35 Barb. 602.)

But when, as in this case, there is a willful refusal by the contractor to perform his contract and he wholly abandons it, and after due notice refuses to have anything more to do with it, his right to recover depends upon performance of his contract, without any omission so substantial in its character as to call for an allowance of damages if he had acted in good faith. While slight and insignificant imperfections or deviations may be overlooked on the principle of *de minimis non curat lex*, the contract in other respects must be performed according to its terms. When the refusal to proceed is willful the difference between substantial and literal performance is bounded by the line of *de minimis*. (*Smith* v. *Brady*, 17 N. Y. 173; *Cunningham* v. *Jones*, 20 id. 486; *Bonesteel* v. *Mayor, etc.*, 22 id. 162; *Walker* v. *Millard*, 29 id. 375; *Glacius* v. *Black*, 50 id. 145; *Catlin* v. *Tobies*, 26 id. 217; *Husted* v. *Craig*, 36 id. 221; *Flaherty* v. *Miner*, 123 id. 382; Hare on Contracts, 569; Leake on Contracts, 821.)

In this sense the plastering was not substantially finished and there is no evidence to support the finding of the referee in that regard, for when three coats are required two will not suffice. That is not substantially finished which requires a substantial sum to finish it. The referee found that the contractor wholly abandoned work upon said building and left it

incomplete and exposed to the elements, and that he refused, after due notice from the owner to perform his contract, to go on with the work or finish the building. The abandonment was willful and the omission to perform intentional, and under those circumstances, according to the authorities, substantial performance is not sufficient, except when it is understood as excluding only such unsubstantial differences as the parties are presumed not to have had in contemplation when they made the contract.

The plaintiffs claim through the contractor, and if the third payment was not due as to him it was not due as to them. They are under the same obligation to prove performance and to the same extent that he would be. Their rights as lienors are measured by his rights under the contract. We think that there was nothing due upon the contract when the lien was filed, and that the judgment cannot be supported on that ground.

The owner, however, although under no obligation to do so, completed the building herself, according to the contract, which thus continued operative through her action. After the contractor refused to proceed she performed the contract for him, as it expressly permitted her to do. As her action was according to the contract, it will be presumed, under all the circumstances and in support of the judgment, that it was under the contract. While she threatened to cancel it, there is neither finding, nor request to find, that she did cancel it, and instead of pleading a cancellation or rescission in her answer, she asked to have the amount expended by her to complete the building " allowed as a set-off or counter-claim to any claim of the said defendant Smalle or the plaintiffs herein, or of any of the other defendants herein, in case the court should eventually determine that the said defendant Smalle is entitled to any sum whatsoever under the said contract." Upon the trial her counsel said : " We claim that we completed this building after the contractor had abandoned his work and have a right to set off what we paid for the completion of this building. That is claimed as a set-off against this claim and

as a counter-claim." She testified that after Smalle stopped work she had a conversation with one McDowell about taking the contract to complete the house; that McDowell's firm made a written proposition "to finish the incomplete work;" that when Mr. McDowell handed her this paper she had a talk with him "in regard to his taking up the contract to complete the house," and that subsequently she accepted said proposition to complete the house in accordance with the plans and specifications and paid the new contractors accordingly. The amount paid by her for this purpose, in legal effect, was paid for the original contractor. The difference between the sum thus expended and the aggregate amount unpaid on the contract with Smalle upon the completion of the entire work, became due under the contract. (*Graf* v. *Cunningham, supra.*) To the extent of that sum, being the difference between $2,023 and $1,905.20, the lien of the plaintiffs attached, and they are entitled to a foreclosure for that amount, provided the County Court had jurisdiction of the action.

As the action was brought to foreclose a lien for the sum of $1,670.10, the appellant claims that the County Court had no jurisdiction. (L. 1885, ch. 342, § 7.) The respondents defend the jurisdiction of the court under chapter 480 of the Laws of 1880. They insist that, although that act purported to amend an act that had already been repealed, it has the effect of an original enactment. (L. 1870, ch. 467; L. 1877, ch. 417; L. 1880, ch. 245; L. 1880, ch. 480.) They further insist that the legislature has express constitutional power to thus increase the jurisdiction of the County Courts. (Cons. St. of N. Y. art. 6, § 15; *Sweet* v. *Flannagan*, 61 How. Pr. 327.)

While we have considered, we do not decide this question, as the jurisdiction of the court, to the extent that it was exercised, can be justified on another ground.

A civil action is commenced by the service of a summons, which, under the present practice, is of the same form in all cases. (Code C. P. §§ 416, 418.) As there was nothing in the summons to show what the action was brought for, the court acquired jurisdiction when it was served, and hence had

power to amend the complaint, if it demanded judgment for too large an amount.

In *McIntyre* v. *Carriere* (17 Hun, 64), the summons was in the old form of a summons for money, and showed upon its face that the amount claimed exceeded the jurisdiction of the court. It was held that, as the summons itself showed a want of jurisdiction, the court had no power to amend. But in *McDonald* v. *Truesdail* (Id. 65), the summons was for relief, under the former practice, and it was held that the court acquired jurisdiction by the service of a summons, free from objections, and had power to amend the complaint by reducing the demand for judgment to one thousand dollars.

In *Gilbert* v. *York* (41 Hun, 594), the complaint failed to allege the residence of the parties, and it was held demurrable for that reason, but the General Term allowed an amendment upon terms. See also *Dwyer* v. *Rathbone* (17 N. Y. St. Rep. 443), and *Yagor* v. *Hannah* (6 Hill, 631, 634).

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiffs, within thirty days, stipulate to reduce the amount due and unpaid upon their lien to the sum of $117.80, with interest thereon from September 17, 1886, in which event the judgment as thus modified should be affirmed, without costs in this court to either party.

FOLLETT, Ch. J. (dissenting). The result reached by the prevailing opinion is based on this provision in the contract:

" Should the contractor, at any time during the progress of the said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide materials and workmen, after three days' notice in writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract."

At the request of the defendant, the following facts were found:

(6) " That the said defendant Smalle never performed the conditions or covenants in the said contract between him and

the defendant Van Vechten, contracted, covenanted and agreed to be performed by him, nor did the said defendant ever complete or finish the said work on said building, nor comply with the terms of said contract, but that on the 22d day of September, 1886, the said defendant Smalle wholly abandoned work in and upon said building, and left the said building in an incomplete and unfinished state, and exposed to the elements, and refused and neglected to complete and finish said building, and to perform the conditions and agreements of said contract on his part, although he was duly notified by the said defendant Van Vechten to perform his said contract with her."

(7) " That the said defendant Smalle having so abandoned the work on said building, and having so refused and neglected to perform and carry out his said contract with the defendant Van Vechten, the said defendant Van Vechten duly notified the said Smalle to perform his said contract, and that in default thereof the defendant Van Vechten would cancel and forfeit said contract, and make other arrangements to complete the building, and the said Smalle having failed and neglected to proceed with the erection of said building, the said defendant Van Vechten after giving such notice, and after such default on the part of said Smalle, employed other workmen to finish and complete the said building, and also furnished the materials necessary to finish and complete the said building."

(13) " That the work in completing and finishing said building was done and performed under the direction of said E. A. Sergeant (the architect), and according to the plans and specifications mentioned in said contract."

The prevailing opinion assumes that the thirteenth finding is to the effect that the owner had not rescinded the contract, but completed the building under it. I am unable to give this finding such a construction, because the three findings must be construed together, and so read, the result of the facts found is that the contract had been abandoned by the contractor, and rescinded and declared at an end by the owner, who went on and completed the building according to the

specifications mentioned in the contract. It cannot be that in case an owner contracts to have a building erected according to plans and specifications forming a part of the contract, and the contractor half completes the structure and then abandons it, and declares that he is unable, as he did in this case, to perform his contract, and the owner rescinds it and goes on and completes the building according to the original plans, that it is proof that the work was done in performance of and under the original contract.

Such a construction would compel the owner to change the plans upon which the structure had been partially built, in order to escape the inference that he was proceeding under a contract which had been voluntarily abandoned by the contractor and declared to be at an end by the owner.

I am unable to concur in the third proposition in the prevailing opinion: "(3) If nothing is due to the contractor, pursuant to the contract, when the lien is filed, and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed."

*Graf* v. *Cunningham* (109 N. Y. 369), which is principally relied upon to support the proposition, does not seem to be in point. In that case the contractor had not, but the owner had, failed to perform the contract, and the latter completed the building for $170 less than she would have been compelled to pay had the contractor been permitted to complete the building under the contract. Under these circumstances, a material-man who had furnished material to the contractor and duly filed a lien, was held entitled to recover that sum. In that case the contractor had a cause of action against the owner under the contract, and the damages which he was entitled to recover were subject to the liens of persons performing work or furnishing materials for him.

In the present case the contractor had no claim against the owner, and there being nothing due or to become due the con-

tractor, there was nothing to which a lien could attach. (*Rod-bourn* v. *S. L. G. & Wine Co.*, 67 N. Y. 215.) In the absence of fraud or collusion, a lienor cannot recover from the owner more than is unpaid, due and to become due on the contract; and it being conceded that the contractor could not have recovered any sum under this contract, I am unable to see how the lienor, whose lien could only attach to the contractor's interest, has established a cause of action.

The words of the statute are : " But in no case shall such owner be liable to pay, by reason of all the liens filed pursuant to this act, a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of filing such lien, or in case there is no contract than the amount of the value of such labor and material then remaining unpaid, except as hereinafter provided." (§ 1, chap. 342, Laws of 1885.)

The judgment should be reversed.

All concur with Vann, J., except Follett, Ch. J., dissenting.

Judgment accordingly.