### WATSON et al. v. CONE et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

MECHANICS' LIENS—MATERIAL MEN—ABANDONMENT OF CONTRACT.

　　Where a contractor, who has received advancements, but without any collusion on the part of the owner, abandons his work when there is nothing due him, and the owner is obliged to pay more than the stipulated price to

have it completed, one who has furnished the contractor with materials can get no lien. Van Clief v. Van Vechten, 29 N. E. Rep. 1017, 130 N. Y. 571, followed.

Appeal from special term, Kings county.

Action by James H. Watson and James H. Pittinger to enforce a mechanic's lien against Gardner T. Cone and Jacob V. Smith for material furnished the latter in the erection of a house for defendant Cone. Smith did not appear. Judgment was rendered at special term in favor of Cone. Plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. Herbert Watson, (Horace Graves, of counsel,) for appellants.
Josiah T. Marean, for respondents.

BARNARD, P. J. The defendant Smith agreed with the defendant Cone to construct a house on his premises for the sum of $4,300, payable by installments. The first two installments had been paid, and $700 in advance, but without any collusion or intent to defraud thereby. Smith abandoned the contract, and Cone was compelled to pay over $3,000 to finish the house. The first two payments were $2,100. The owner had the right, by contract, to finish the building, and to deduct the expense from the contract price. There was performed, at the abandonment of the contract by Smith, no greater proportion of work to be done than the first two payments bear to the contract price of $4,300. The case of Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. Rep. 1017, decides this case against the plaintiffs. The judgment should be affirmed, with costs. All concur.