OLAF MANSSON, Respondent, v. GEORGE E. NOSTRAND, Appellant.

Second Department, April 19, 1918.

**County Court — jurisdiction — test of jurisdiction — amount demanded in complaint.**

Under section 14 of article 6 of the State Constitution and subdivision 3 of section 340 of the Code of Civil Procedure, the service of a summons and complaint in an action to recover a sum of money only, the former not specifying any sum for which judgment would be taken in case of default, but stating such amount by the use of the words " for the relief demanded in the complaint," which was for the sum of $2,000, with interest, costs and disbursements, does not confer jurisdiction upon the County Court.

The demand for judgment contained in the complaint is the sole test of jurisdiction of the County Courts, which are without power to grant an order permitting the plaintiff to amend the demand for judgment as set forth in the complaint by reducing the amount.

APPEAL by the defendant, George E. Nostrand, from a judgment of the County Court of Kings county, entered in

the office of the clerk of said county on the 9th day of November, 1917, upon the verdict of a jury and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Julius Schwartz* [*Michael Furst* with him on the brief], for the appellant.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the respondent.

RICH, J.:

It is contended that the County Court of Kings county was without jurisdiction to entertain this action, which was instituted for the recovery of a sum of money. The summons and complaint were served on May 8, 1917; the summons does not state any sum for which judgment would be taken in case of default, but does state that " in case of your failure to appear, or answer, judgment will be taken against you by default for the relief demanded in the complaint," which was for the sum of $2,000, " with interest from the 9th day of December, 1916, besides the costs and disbursements of this action."

The jurisdiction of County Courts, in an action for the recovery of money only, is by section 14 of article 6 of the Constitution, and subdivision 3 of section 340 of the Code of Civil Procedure, limited to actions in which the complaint demands judgment for a sum of money not exceeding $2,000. It has been repeatedly held by the courts of this State since 1894 that the demand of the complaint for judgment is the test of jurisdiction; that where such demand exceeds $2,000 (although such excess consists of interest demanded upon that sum only) a County Court is without jurisdiction, and that the question of jurisdiction, although not presented at any stage before judgment, does not estop the defendant from raising it on appeal. (*Heffron* v. *Jennings,* 66 App. Div. 443; *Halpern* v. *Langrock Bros. Co.,* 169 id. 464; *National Surety Co.* v. *Rosenberg,* 158 id. 896; *Hamburger* v. *Hellman,* 103 id. 263, 266; *Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1.) Appellant argues that these decisions were based upon the erroneous impression that the decision in *Van Clief* v. *Van*

*Vechten* (130 N. Y. 571) was predicated upon the fact that the summons and complaint in that action were served separately and, therefore, the summons not making a demand for specific relief the court acquired jurisdiction, if at all, only in cases in which the demand for judgment in the complaint, thereafter served, did not exceed $2,000, while in fact in that action the summons and complaint were served together, and the rule declared applies to the disposition of this appeal. I think this contention is without merit. While the testimony of one of the defendants contained in the record before the Court of Appeals in the *Van Clief* case is that the summons and complaint shown him were attached together when served on him, the statement of the case required by the rules of the court and forming part of the record is that the action was commenced on November 26, 1886, and that the complaint was served on November 27, 1886. While the courts in the cases referred to have mentioned the *Van Clief* case, I think it apparent, from the reasoning, that the rule stated in that case was not the controlling factor in the dispositions made. Conceding, however, the contention of the respondent, I do not regard the authority controlling in the instant case, for the reason that while the court reached the conclusion stated upon the provisions of the law as it then stood, it is not the law at the present time. Section 15 of article 6 of the Constitution of 1846, as amended to take effect January 1, 1870, conferred original jurisdiction upon County Courts in all cases " in which the damages claimed" did not exceed $1,000. This provision was in force in 1892 when the *Van Clief* case was decided by the Court of Appeals. The then test of jurisdiction was not, as now, the sum demanded in the complaint, but a claim which might be determined at any time during the pendency and progress of the action. If a complaint demanded judgment for a sum in excess of $1,000, such demand could by an amendment be reduced, and the claimed damages on which jurisdiction rested thus brought within the constitutional requirement. In 1894 the constitutional provision as to the jurisdiction of County Courts was changed by amendment and made dependent, in actions for the recovery of money only, upon the amount demanded in the complaint, since which time it has uniformly been held that both the

Second Department, April, 1918. [Vol. 183.

constitutional and Code provisions have made the demand for judgment, contained in the complaint, the sole test of jurisdiction, and that County Courts were without power to grant an order permitting the plaintiff to amend the demand for judgment as set forth in the complaint by reducing the amount demanded therein.

Furthermore, I think that under the present Constitution, a summons served with or without a complaint, although it does not specify the amount for which judgment will be taken in the event of defendant's default, but does state such amount by the use of the words " for the relief demanded in the complaint," and the complaint, whether served with the summons or thereafter, or filed, contains a demand for judgment for more than $2,000, the summons is so identified and connected therewith that it is to be regarded and held as demanding judgment for the same amount as demanded in the complaint, and its service does not confer jurisdiction on a County Court to proceed for any purpose whatever, after the complaint is served or filed. In other words, no absolute jurisdiction attaches or is acquired until the amount demanded is made to appear by the demand for judgment contained in the complaint. The County Court of Kings county did not obtain jurisdiction of this action, and the appellant is precluded from raising the question of jurisdiction upon this appeal for the first time.

The judgment and order of the County Court of Kings county should be reversed, and the complaint dismissed, with costs.

THOMAS, MILLS and PUTNAM, JJ., concurred; JENKS, P. J., not voting.

Judgment and order of the County Court of Kings county reversed, and complaint dismissed, with costs.