P. GRASSI & BROTHER, INC., Plaintiff, v. CITY OF NEW YORK and Others, Defendants.

Supreme Court, New York County, January 24, 1931.

*Olvany, Eisner & Donnelly* [*James F. Donnelly* and *Samuel Michelman* of counsel], for the plaintiff.

*M. Carl Levine*, for the defendants Lustbader Construction Co., Inc., and Eagle Indemnity Company.

LEVY, J.  Plaintiff brought this action to foreclose a mechanic's lien filed against the public improvement known as the Bronx General Hospital arising from alleged services rendered and materials furnished to the defendant construction company, the general contractor.  The latter counterclaimed for damages by reason of the alleged abandonment of the work by the plaintiff. The issues growing out of the counterclaim were framed for trial by jury.  The terms of the contract being disputed, question 1 as submitted to the jury presented defendant contractor's version of the contract, namely, whether the plaintiff agreed to do all the plastering work for the sum of $102,000 in accordance with the plans and specifications of Charles B. Myers, the architect for the local department of public welfare.  Question 4 presented plaintiff's interpretation of the relations between the parties to the effect that the work was begun under an oral agreement by virtue of which the aforenamed defendant agreed to obtain a change in the specifications, whereby plaintiff would be allowed to use mixed plaster; and in the event the city would not agree to such change, said defendant would pay additional compensation beyond the amount contained in the original writing of January 5, 1926.  The jury accepted defendant's version by answering question 1 in the affirmative and obviously rejected plaintiff's claim of a modified contract by replying to question 4 in the negative.  It further found that plaintiff had breached its contract by refusing to perform its terms and conditions, by reason of which defendant contractor

was compelled to employ other subcontractors to do the work to its damage in the sum of $18,000.

Upon these specific findings of the jury defendant contractor now moves to dismiss the complaint and for judgment on the counterclaim, on the ground that the determination of the jury disposes of all the material issues between the parties to this litigation. Plaintiff, on the other hand, contends that it is entitled to the reasonable value of the work and materials placed into the property, the inference being that such amount would constitute an abatement from the sum due on defendant's counterclaim as found by the jury; and if such amount were in excess of $18,000 plaintiff would be entitled to an affirmative judgment for the difference.

The difficulty with plaintiff's contention is that when the jury found for the defendant construction company in the sum of $18,000, it determined that it cost the latter that much more to complete the work than if the plaintiff had continued on the job. Naturally, the efforts put in by plaintiff tended to reduce the cost of completion, so that plaintiff was in effect credited for its contribution to the structure by a reduction in the cost of finishing the work required by the contract. Giving the most favorable interpretation to plaintiff's position in the light of the findings of the jury, we may assume that the defendant caused the completion of the contract for the account of the plaintiff. If such cost had been less than $102,000, plaintiff might well have been entitled to the difference. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571.) But the cost was more than $102,000. For this difference defendant is, therefore, entitled to compensation under its counterclaim.

It is unnecessary to consider whether plaintiff has forfeited its right to compensation for the reasonable value of its work and material, by reason of its abandonment of the contract and its failure to make substantial completion. Under the theory of the *Van Clief* case, in which plaintiff has acquiesced as applicable to the present situation, it has virtually received compensation by reason of the fact that the new contractor in estimating the cost of completion doubtless took account of the work already done by the plaintiff.

The motion to dismiss the complaint and for judgment upon the counterclaim is, therefore, granted. Submit findings and judgment on notice.