Reginald S. Oliver, J.
The complaint in the above action states in part: “ wherefore Plaintiff demands judgment against the defendant in the amount of $10,681.66 with interest from the 30th day of April, 1973 together with the costs and disbursements of this action,”
While it appears that the summons was served on the 10th day of May, 1973, and the complaint was served at a subsequent date, no motion was made at the trial to amend the ad damnum clause downward to meet the jurisdictional limits of County Court. Therefore, the court lacks jurisdiction to determine the matter. (Van Clief v. Van Vechten, 130 N. Y. 571; Heffron *927 v. Jennings, 66 App. Div. 443; Mansson v. Nostrand, 183 App. Div. 371; N. Y. Const., art. VI, § 11, subd. a.)
It is well settled that a defendant may waive venue requirements, and submit to the jurisdiction of1 a County Court even though he is not a resident of the county. However, jurisdiction cannot be conferred on County Court where by constitutional limitation it is without jurisdiction in any event. (Auto Dealers Discount Corp. v. Santoro, 170 Misc. 635; Wolfe v. Blackman, 279 App. Div. 977; Didio v. S. A. Healey Co., 40 N. Y. S. 2d 278; Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15.)
The complaint is dismissed without prejudice to the plaintiff to bring Ms action before the proper court.