James Hay vs. James Fowler, survivor of James Fowler and James E. E. Fowler.

An execution issued *after* the death of a party, without any change in the original title, and tested *previous* to his death; held regular.

*Motion by plaintiff to set aside the execution issued in this cause, and all subsequent proceedings on the part of defendant for irregularity, the execution having been issued since the death of the defendant.*—Plaintiff's papers show, that this was an action of covenant on a lease or agreement under seal. The cause came on to be tried at a circuit some

months since in New York city. A non-suit was granted, on grounds not involving the merits of the cause. Defendant afterwards entered up judgment for his taxed costs. Subsequently he brought an action on that judgment for said costs; this action has abated by his decease, which occurred in December last. On the 4th of January last, defendant's attorney issued an execution in this suit entitled as if the said defendant were still surviving; no proceedings in this suit having been had since the decease of said Fowler, except the issuing of such execution. Elisha Morrill, the attorney for above defendants, states in his affidavit, that judgment for costs against plaintiff was entered up in this cause for $75·43 on the 23d July last. On the 10th December last the defendant died. On the 4th of January last and prior to the commencement of the January term an execution was issued on said judgment, tested on the third Monday of October, 1844, returnable in sixty days. The entire amount of said costs belongs to the attorney. The attorney for defendant cites 1 *Cow.*, 33–4, 178 and 741; 4 *Cow.*, 423; 10 *Wend.*, 206; 2 *Tidd*, 915; 9 *Wend.*, 53 and 452; 2 *Cow. Treat.*, 1042.

N. B. BLUNT, *Plff's Counsel.*          JOHN N. STONE, *Plff's Atty.*

H. P. BARBER, *Deft's Counsel.*          ELISHA MORRILL, *Deft's Atty.*

BEARDSLEY, Justice.—The law appears to be well settled than an execution tested before the death of the party, although issued afterwards, is regular. Here the defendant died in vacation of October term, and execution was issued before January term, and tested of October term, which was prior to his death. It must be held regular.

*Decision.*—Motion denied, with costs.