MARGARET BECKER, adm'x, &c. of JOHN C. BECKER, deceased, *vs.* JACOB S. BECKER.

47b 497
57ad 26

The delivery of an execution to the sheriff binds the personal property of the defendant, and authorizes a sale thereof after the death of such defendant, although there was no actual levy previous to his death ; provided the property is not exempt from levy and sale.

Where property is exempt from seizure and sale upon execution in the life time of the judgment debtor, it continues thus exempt after his death, for the benefit of his widow, who continues to reside in the house occupied by her husband in his life time, with her minor children, for whom she provides.

The statute exempting certain property from levy and sale on execution should receive a liberal and humane interpretation, not only in favor of the debtor, but in favor of his family. *Per* INGALLS, J.

*S. Sandford* and *H. Krum,* for the plaintiff.

*S. S. Mayham* and *H. Smith,* for the defendant.

INGALLS, J. This is an action to recover the value of a pair of horses, wagon, and harness, which the plaintiff claims were wrongfully sold by the direction of the defendant under an execution against John C. Becker, her husband. Jacob S. Becker recovered a judgment in the Supreme Court, against John C. Becker, and an execution was issued thereon to the sheriff of the county of Schoharie, in the life time of the said John C. Becker, and certain of his personal property was seized and sold by the sheriff, by direction of the defendant. Subsequent to the death of said John C. Becker, and while the execution was in life, a levy was made by the sheriff upon the property in question, and the same was sold by direction of the defendant, although such seizure and sale were forbidden by the plaintiff, who claimed that such property was exempt from such seizure and sale, as well in the life time of her said husband as after his death.

It is contended by the plaintiff's counsel that as there was no actual levy upon the property in question previous to the death of the said John C. Becker, the execution became in-

operative, and furnished no protection to the sheriff or to the defendant. In this the plaintiff is mistaken, as the delivery of the execution to the sheriff bound the personal property of the said John C. Becker, and authorized a sale of the property in question after his death, if it were not exempt from such levy and sale. (3 *R.. S.* 644, § 13, *5th ed.*) In *Easton* v. *Southly*, (*Willes' Rep.* 131,) the precise question was decided adversely to the view contended for by the plaintiff in this case. (*See also Crocker on Sheriffs*, 159 ; *Allen on Sheriffs*, 141 ; 10 *Wend.* 212 ; 1 *How. Pr.* 127 ; 1 *Cowen*, 33 ; 1 *Bos. & Pull.* 571 ; 14 *Barb.* 250 ; 3 *P. Wms.* 397, *note e;* 7 *D. & E.* 168.)

It remains to be considered whether the property in question was exempt from levy and sale under said execution.

I think the attitude which the defendant is compelled to assume in order to justify the seizure of the property in question, authorizes the plaintiff to insist that if the said property was exempt from said seizure *at the time the execution was received by the sheriff*, it so continued, and at the death of the said John C. Becker became a part of his estate to be administered in the due course of administration.

All the right which the defendant can claim to have acquired under the execution arises not mainly from the levy after the death of Becker, but from the fact that in contemplation of law the property became bound by the delivery of the execution to the sheriff; and hence, in my judgment, the rights of the respective parties must relate to that period, and be determined accordingly.

It is very clear that if the execution had been delivered to the sheriff subsequent to the death of the said John C. Becker, the actual levy would have been wholly unavailing.

From the facts, I am of opinion that such property was exempt from seizure and sale at the time the execution was delivered to the sheriff, and so continued thereafter. John C. Becker was at the time a householder, and had a family for which he provided, consisting of a wife and several children,

who were and are minors, and the property in question constituted his only team, which did not exceed in value $240, and were used in his business, which was keeping a hotel and cultivating a piece of land. Indeed, the property seems to have been regarded by the defendant as exempt, as no attempt was made to levy upon the same previous to the death of said John C. Becker, although his other personal property was sold by virtue of said execution. The statute creating such exemption is to be construed favorably towards the debtor, as appears from repeated decisions of the courts. (*Wilcox* v. *Hawley*, 31 *N. Y. Rep.* 648. *Kneettle* v. *Newcomb*, 22 *id.* 249. *Van Buren* v. *Loper*, 29 *Barb.* 389. *Lockwood* v. *Younglove*, 27 *id.* 505. *Wheeler* v. *Cropsey*, 5 *How. Pr.* 288.)

The defendant insists that by the death of said John C. Becker the exemption, if it ever existed, ceased, as it was a right which was personal to himself and could not be successfully asserted by the plaintiff. The defendant's counsel has cited several cases to support this proposition. But in these cases the right was sought to be asserted by parties other than the debtor or his family. Under the circumstances of this case, I do not think the defendant's proposition can be sustained. If the defendant relies exclusively upon the actual levy after the death of John C. Becker, no right to the property was acquired ; and if he claims by virtue of a constructive seizure of the property arising from the delivering of the execution to the sheriff, the answer is that at that period John C. Becker was living, and no actual levy was made upon the property, which was then clearly exempt, and so continued until his death, and I do not perceive how his death conferred any additional right upon the defendant in regard to said property.

After the decease of the said John C. Becker the plaintiff and her children continued to reside together in the same house and constituted the family, she having the charge and being in fact the householder. (*Bingham* v. *Bush*, 33 *Barb.* 596.) When the property was levied upon by the sheriff

she was in the actual possession thereof and forbade its seizure and sale, claiming that the same was exempt. The statute in question has uniformly received a liberal and humane interpretation, not only in favor of the debtor, but *also in favor of his family*, which is in harmony with the apparent intention of the legislature as evidenced by their not only enacting such exemption laws, but from time to time extending the same, and introducing such provisions as unmistakably indicate that one prominent object was to protect the families of debtors, and to prevent their being deprived of every vestige of property by a class of creditors whose selfishness stifles all promptings of humanity.

In *Kneettle* v. *Newcomb*, (22 *N. Y. Rep.* 252,) Denio, J. remarks : "It is a fair inference from this feature that one object of the legislature was to promote the comfort of families and to protect them against the improvidence of their head. This was so considered by the Supreme Court in *Woodward* v. *Murray*, (18 *John.* 400.) 'I think it clear,' said Judge Platt, ' that the legislature meant to confer this privilege on each of these little primary communities called families.' Again, 'it was designed as a protection for poor and destitute families,' *and the forlorn and destitute condition of his family* in the absence of the husband and father give them a peculiar claim to the benefit of the statute." This language applies with peculiar force to the case under consideration. (*See also Wilcox* v. *Hawley,* 31 *N. Y. Rep.* 654.) The courts have been so vigilant in guarding such exemption that it has been held that a provision inserted in the obligation of a debtor, waiving such exemption was against public policy and therefore inoperative and void. (*Kneettle* v. *Newcomb,* 22 *N. Y. Rep.* 249.)

The right to such exemption does not always depend upon the fact whether or not the debtor is possessed of other property. (*Wilcox* v. *Hawley*, 31 *N. Y. Rep.* 658.)

I therefore conclude that as the property in question was exempt from seizure and sale by virtue of the execution in

---

the life time of said John C. Becker, it continued thus exempt, and the plaintiff is therefore entitled to recover in this action the value thereof, which was upon the trial conceded to be $240, with costs of this action.

[SCHOHARIE SPECIAL TERM, April 16, 1866. *Ingalls*, Justice.]