Wygant *v.* Smith.

---

HARVEY WYGANT, Appellant, *v.* WM. N. SMITH, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

The exemption of a soldier's pay and bounty from levy or sale under an execution (Laws 1864, chap. 578, page 1332), does not extend to property purchased with or otherwise voluntarily obtained in exchange for the same.

The principle and extent of such exemptions explained, per JOHNSON, J.

THIS was an action to recover the value of property upon which the defendant had levied under an execution, and sold, while sheriff of Steuben county. The plaintiff was nonsuited, and took this appeal upon a case made, and exceptions. The facts are stated in the opinion of the court.

*Rumsey & Robie,* for the appellant.

*A. P. Ferris,* for the respondent.

Present—E. D. Smith, J. C. Smith and Johnson, JJ.

By the Court—Johnson, J.    The property which is the
subject of this action, was clearly liable to be levied upon and
sold by execution, at the instance of the plaintiff's creditors.
It was not exempt from levy and sale by any statute, and
was, therefore, subject to the claims of creditors, as all a
debtor's property is at common law.    The ground upon
which this action is sought to be maintained is, that it was
exempted from such levy and sale under the statute of 1864
(see Laws of 1864, chap. 578, page 1332), exempting the pay
and bounty of a soldier in the military service of the United
States from seizure by execution or. attachment, and from pro-
ceedings supplementary to execution.    This statute exempts
" the pay and bounty" only, and does not extend to wagons
and harness, or to other personal property of the person who
is, or has been, in the military service.    It appears, by the
undisputed evidence, that the plaintiff left the military ser-
vice in July, 1865, and, some time afterward, purchased a
quantity of standing pine timber, without the land on which
it stood, for which he agreed to pay $1,000; and that, at the
time of such purchase, he paid, out of the moneys received
by him for pay and bounty as a soldier, $523.    Afterward,
and, as is to be inferred from the evidence, without further
payment, the plaintiff sold his interest in this timber for
$700 in cash.    With this money so received for the timber,
the plaintiff purchased one of the wagons and the harness
levied upon and sold by the defendant as sheriff, by virtue
of the execution in his hands, duly issued upon a valid judg-
ment against the plaintiff.    With a portion of the residue of
the $700, the plaintiff bought other personal property, which
he sold and exchanged; and, after several sales and exchanges,
he obtained the other wagon which was seized and sold as

Wygant v. Smith.

aforesaid, and which is embraced in this action. It has never yet been held that, where a debtor voluntarily sells or exchanges property which the law exempts from levy and sale by execution, and converts it into other property which the law does not exempt, the exemption attaches to the new property so purchased or taken in exchange. On the contrary, the spirit and principle of the decisions are all the other way.

The general rule unquestionably is, that all the goods and chattels of a party against whom an execution has been issued, may be levied upon and sold, unless they are specifically exempted therefrom by statute, or by some rule of the common law. The exemption is a personal privilege, which the party in whose favor it exists may waive, and of which no other person can take advantage. A bailee, or mortgagee of such property, cannot claim the benefit of the exemption. The owner, only, can claim the benefit of the exemption, and he may sell such property, or dispose of it at his pleasure. When it is voluntarily sold and converted into money, or other property, not also exempt, the right is gone. The law designates the particular species of property which it exempts, and does not allow the debtor to choose for himself, in respect to the species, or kind of property to be exempted. To allow this, would be to substitute the choice of the debtor for the provisions of the statute. The only decided case, looking at all in this direction, is that cited by plaintiff's counsel of *Tillotson & Wolcott*, not reported, decided by the General Term in this district, at the term in 1865. In that case, a creditor of the defendant, Wolcott, unlawfully seized and sold a cow belonging to the latter, which was exempt property. For this unlawful sale Wolcott brought his action, and recovered a judgment for the value of the cow against the plaintiff in the execution. Thereupon Tillotson, another creditor of Wolcott, undertook by proceedings, supplementary to execution, to get control of that judgment, and have the avails applied upon his judgment. But this court held, that the judgment being for the value of exempt property,

sold in violation of the debtor's rights, and against his will, was exempt from the claims of other creditors. I did not concur in that decision, but am bound by it, as long as it remains unreversed, in all cases depending upon the same facts. This is quite a different case. Here the exchange of the exempt money, for property not exempt, was voluntary and not forced. And it was with moneys arising from the voluntary sale of this property, not exempt, that the property in question was in part immediately, and in part remotely, purchased or obtained. Profits were realized by the plaintiff in his first venture with a portion of his exempt pay and bounty, and it is impossible to tell whether the property in question represents the profits of the transaction, or the original capital invested. But however this may be, it is enough for this case, that the plaintiff voluntarily paid away the funds which the statute specifically exempted, from the claims of his creditors, and purchased therewith, and held other property, which no law exempts. The property sold is in part the third, and in part the sixth, or seventh, remove, from the original exempt fund. The nonsuit was therefore right, and a new trial must be denied.

