ORANGE COUNTY.—HON. R. C. COLEMAN, SURROGATE.—April, 1887.

MATTER OF WINANS.

*In the matter of the estate of MARY WINANS, deceased.*

Pension moneys given by the United States to a woman, on account of the military services of her son, are not, after her death, exempt, under either Code Civ. Pro., § 1393 or U. S. R. S., § 4747, in favor of her descendants not constituting a family for whom she provided, from liability to be applied to the payment of a judgment recovered, upon a debt of decedent, against her administrator.

DETERMINATION of claim of exemption of pension moneys, upon judicial settlement of administrator's account.

JOHN J. BEATTIE, *for administrator.*

WADSWORTH & GOTT, *for Mrs. Longwell.*

J. MERRITT, *special guardian.*

THE SURROGATE.—At the time of her death, there was on deposit, to the credit of the deceased, $1,000 of principal and $85 interest in the Warwick savings bank, and $500 in the Warwick national bank. The $1,000 and the $500 were pension moneys given her by the United States, no account of the services of her son, and these moneys constituted the whole of her estate. At the time of her death, she was living with her daughter, Sarah E. Longwell, who, since her mother's death, has recovered a judgment against the administrator for about $900, for the care of the deceased, whose next of kin are children and grandchildren. None of her descendants seem at that time to have composed a family for which she provided. Upon the settlement of the administrator's accounts, it was claimed on behalf of the minors, who are grandchildren of the deceased, by their special guardian, that these moneys are not properly applicable to the payment of Mrs. Longwell's judgment, being exempted by § 1393 of the Code of Civil Procedure and by § 4747 of the U. S. R. S.

A pension is a gratuity from the government, and the government can impose such conditions upon the enjoyment of it by its beneficiaries as it may desire, without doing any injury to the pensioner's creditors, for nothing is being withheld from them, to which they had a right to look for the payment of their debts. It becomes a question, under the laws granting and exempting pensions, what changes in character may be made in money received for pensions without losing its privileged character, and for whom these privileges can be urged.

In Stockwell v. Nat. Bank of Malone (36 *Hun*, 583), it was held that, although the pension money had been deposited in a bank, the account could not be reached by a creditor; but it was held otherwise where pay and bounty had been voluntarily exchanged for other property (Wygant v Smith, 2 *Lans.*, 185). In Hodge v. Leaning (2 *Dem.*, 553), the Surrogate of Otsego held that, even after the pensioner's death her creditor could not reach moneys received by her before her death, so as to take it away from her minor children, resting his decision upon the evident intention of the government to devote pensions to the personal benefit of the soldier, and, upon his death, of his widow or minor children under sixteen years of age. In Becker v. Becker (47 *Barb.*, 497), it was held in a case where it was sought to reach property, exempt under the statute, by levy and sale under an execution issued before the death, and levy made thereunder after the death, of the debtor, that such property was still exempt in favor of the debtor's family, and could not be sold away from them for his debts, upon the ground that the legislature made the exemption not only in favor of the debtor, but also of his family. See, also, Vedder v. Sexton (46 *Barb.*, 189).

I think it is clear that the privilege of exemption is not made an incident of the thing exempted, but is a privilege personal to an individual or individuals. It has been so held in Micks v. Tousley (1 *Cow.*, 114) and Baker v Brintrall (52 *Barb.*, 188: s. c. 5 *Abb.*, *N. S.*, 253). But these were cases where the right was sought to be asserted by strangers to the debtor.

The exemption under § 1393 of the Code of Civil Procedure is not made to depend upon being a householder, as in § 1390, nor, as in § 1391, upon "being a householder or having a family for which he provides," and it perhaps would not carry with it the enlarged privilege in favor of that family. However, as this is not a case in which the exemption is sought in favor of a soldier, or any one dependent upon him, I think the moneys are not exempt under the United States statute. Nor is it a case where the exemption is sought in favor of the pensioner or any member of the family of a deceased pensioner, and such moneys are not exempt, therefore, under the Code of Civil Procedure.

The decree will direct the payment of the judgment.