THE YATES COUNTY NATIONAL BANK, Appellant, *v.* ZENO T. CARPENTER, Respondent, Impleaded, etc.

*nds purchased with pension money — not exempt from execution.*

Land which has been purchased with moneys derived from a pension, granted to the purchaser by the United States for military services, is not exempt, under section 1393 of the Code of Civil Procedure, from levy and sale on execution.

Appeal from an order of the County Court of Yates county, setting aside the levy of an execution on real property of the defendant, issued on a judgment recovered against him in a Justice's Court, and docketed in the clerk's office of Yates county, July 17, 1884; also staying all proceedings under such execution for the sale of the lands.

*William T. Morris*, for the appellant.

*William M. Oliver*, for the respondent.

Dwight, J. :

The order was granted, and is here sought to be sustained, on the ground that the property levied on was exempt from levy and sale on execution under section 1393 of the Code of Civil Procedure,

it having been purchased by the defendant with moneys derived from a pension granted to him by the United States for military services; and the question is presented whether the exemption provided by the statute mentioned extends to property purchased with the exempt money. The exemption of property. of any description from liability for the payment of debts and taxes, is a creature of the statute. *Prima facie* all property is liable to execution, and the affirmative is with the person claiming exemption to bring himself and his property within the exception of the statute. (*Baker* v. *Brintnall*, 52 Barb., 188.) The statute in question here excepts from the general liability "a pension * * * granted by the United States * * * for military or naval services."

In *Wygant* v. *Smith* (2 Lans., 185), this court, at General Term, in the seventh district, held, that the exemption of a soldier's pay and bounty, under chapter 578 of the Laws of 1864, did not extend to property purchased with, or voluntarily obtained in exchange for the same. JOHNSON, J., delivering the opinion of the court, says: " It is enough, for this case, that the plaintiff voluntarily paid away the funds which the statute specifically exempted from the claims of his creditors, and purchased therewith and held, other property which no law exempts." The law of 1864 differed in no essential respect from that now under consideration ; and the decision in the case above cited must furnish the law of this case, unless subsequent adjudications have deprived it of authority. In *Burgett* v. *Fancher* (35 Hun, 647), this court held that pension money deposited with a banker and held subject to the check of the pensioner, retained the character of pension money, and was not subject to proceedings on the part of a judgment-creditor, in aid of his execution; and that decision was regarded by the court as extending a liberal construction to the present statute. In *Stockwell* v. *The National Bank of Malone* (36 Hun, 584), the court, at General Term, third department, made the same application of the statute in a case in all material respects similar to the last; but BOCKES, J., declined to concur even in that decision, and both he and LEARNED, P. J., who wrote the prevailing opinion, refer to *Wygant* v. *Smith* (*supra*), with approval. The case of *Wildrick* v. *De Vinney* (18 W. Dig., 355), went no further than the two cases last above cited.

In the case of *Whiting* v. *Barrett* (7 Lans., 106), the statute of exemption was only indirectly involved. The action was in the nature of a creditor's bill to reach property alleged to have been transferred by a debtor in fraud of his creditors. The property transferred was the bounty of a soldier (the debtor) in the form of county bonds, which he had caused to be issued to his wife. The court held the transaction a valid gift of the bonds to the wife; and, also, that the bonds being exempt from the claims of creditors while the property of the husband, their transfer was not in fraud of creditors, and for that reason they could not be pursued in the hands of the wife. The head note of that case, as reported, is misleading, and is not borne out by the decision. It was not held that the bonds, or the property purchased therewith, were *exempt* in the hands of the wife, but only as stated, that the creditors having no claim on the bonds as the property of the debtor, " could not be heard to allege that the transfer was in fraud of them." The authority of *Wygant* v. *Smith* (*supra*), seems to be unshaken, and its doctrine commands our assent.

The order of the county judge must be reversed.

BARKER, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order reversed, without costs.