## POWERS v. HANFORD.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

APPEAL FROM JUSTICE COURT—CONDITIONAL APPEAL.

     On appeal from a judgment of a justice court, the appellate court may order a reversal, unless respondent consent to reduce the damages to a certain amount.

Appeal from county court.

Action by George E. Powers against George E. Hanford. There was judgment in favor of defendant, and plaintiff appeals. Affirmed.

This action was commenced in a justice's court. Plaintiff's complaint alleged that the defendant, on the 11th of September, "wrongfully and unlawfully broke the outer door and fastenings of the plaintiff's said dwelling house, and forcibly, and against the will of plaintiff, entered the same, with a force of men, and broke and injured the plaintiff's furniture, carpets, and fixtures to plaintiff's house, and the outer fastenings thereof, and carried off a piano and furniture then being in the possession of plaintiff; that said wrongful acts were willful and intentional, and were done in opposition to the now and then and there expressed wishes of the plaintiff, and of plaintiff's wife, who was at the time in the charge of the said dwelling house, and the plaintiff claims exemplary damages." The complaint demanded judgment for $49. The defendant appeared, and put in a general denial, and also set up a contract for the sale by the defendant to the wife of the plaintiff of a piano, for the sum of $300, and that the contract was in writing, and reserving the title to the piano in the defendant until the said $300 was paid. The jury, in the justice's court, rendered a verdict for $43. The defendant took an appeal to the county court, and on the 23d of April, 1895, the county court made an order which contained the following language: "Judgment reversed, unless the respondent elect within ten days after service of copy of decision, to reduce the damages in the judgment to five dollars, and files notice of such election with the county clerk, in which case the judgment is modified by reducing the damages to five dollars, and, as modified, affirmed, without costs." From that order the plaintiff appeals to this court. No judgment has been entered.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Wayland F. Ford, for appellant.
Arthur L. Chapman, for respondent.

HARDIN, P. J. It was optional with the plaintiff to give the stipulation provided for in the order. It does not appear whether the stipulation has been given. If the stipulation was given within 10 days after service of a copy of the decision to reduce, then the judgment, as thus reduced, was to be affirmed, without costs. If the plaintiff failed to give the stipulation, then the judgment, by the order, was to be reversed. Section 3063 of the Code of Civil Procedure confers upon the county court power to affirm or reverse a judgment of a justice, in whole or in part, for errors of law or of fact. In Holmes v. Jones, 121 N. Y. 467, 24 N. E. 701, the power to reduce a verdict conditionally, and affirm a judgment thereon as modified by a stipulation required of the plaintiff, was under consideration, and the authorities supporting the power are cited, and in the opinion it was said: "We see no reason to doubt that such conditional reduction of damages can be made in all actions of tort where the damages rest in the discretion of the jury." The case of National Board of Marine Underwriters v. National Bank, 146 N. Y. 64, 40 N. E. 500, is distinguishable from the case to which reference has already been made. It was an action upon contract, and it was held to be erroneous to first affirm the judgment, and then to reverse it in all respects. The case of Sourwine v. Truscott, 25 Hun, 67, cited by the appellant, was a case where a trial had

been had in the county court, and a verdict rendered; and the county court fell into the error of having ordered absolutely a reduction of the verdict.   We are of the opinion that the court had power to make the order from which the appeal is taken, and we see nothing in the appeal book which indicates that it improperly exercised its discretion.   We think the order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.