## HARTMANN v. WOOD.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. EXEMPTIONS — CLAIM—WHEN MADE—WAIVER—TRIAL—QUESTION FOR JURY.

In an action against a sheriff for selling exempt property, in which plaintiff proved written notice to the sheriff, several days before the sale, that he claimed his exemption, it was error to submit to the jury the question whether plaintiff waived his exemption by failing to claim it at the time of the levy or at the execution sale.

2. SAME—EVIDENCE—ADMISSIBILITY.

In an action against a sheriff for selling exempt property, the admission in evidence of a chattel mortgage on the property sold, no default under it being shown, was error, since, till default under the mortgage, plaintiff was entitled to possession of the property, and such possession and title were sufficient to support the action.

Appeal from trial term, Nassau county.

Action by Joseph Hartmann against William H. Wood. From a judgment in favor of defendant, and from an order refusing a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Lincoln B. Haskin, for appellant.
George B. Stoddart, for respondent.

GOODRICH, P. J. The action is for the wrongful conversion of a roan horse, a brown horse, and a set of double harness, which the defendant, as sheriff, levied upon and seized under an attachment in an action brought by one Burtis against the plaintiff, and subsequently sold under the execution issued upon the judgment in that action. The defendant justified by alleging that he acted as sheriff of Nassau county under the attachment and execution, "and not otherwise." The roan horse was sold for $69, the brown horse for $87, and the harness for $17. The defendant obtained a verdict, and the plaintiff appeals from the judgment entered thereon.

The court submitted to the jury the question whether the plaintiff had waived his exemption, and this requires an examination of the evidence. The plaintiff was a farmer, and a householder with a family, for which he provided, and the team was exempt from levy and sale on execution. He had advertised an auction sale of the horses and harness and of other property for February 14th, and the defendant's deputy testified that at the levy the plaintiff said "it did not make any difference to them whether the sheriff sold it out or the auctioneer, as they expected to take the money, and pay it to Mr. Burtis," the plaintiff in the execution. It also appeared that the plaintiff had mortgaged the horses and some other property to his wife for a valid indebtedness. He was present at the sale by the sheriff, and did not then claim exemption. This is all the evidence on the subject of waiver, and it is not necessary to decide whether or not it was sufficient to establish a waiver, inasmuch as, before the sale, the plaintiff gave the sheriff written notice of his claim of exemption. The respondent's attorney contends that exemption, being a personal privilege, must be claimed at the time of seizure, or it will be deemed in law to have been waived. He cites Twinam v. Swart, 4 Lans. 263; Frost v. Mott, 34 N. Y. 253; Wilcox v. Howe, 59 Hun, 268, 12 N. Y. Supp. 783; Russell v. Dean, 30 Hun, 242. We cannot discover in these authorities any such rule as is claimed to be announced thereby. Twinam v. Swart holds that a constable who levies upon and sells exempt property is not liable unless he is informed of the exemption, and that within a reasonable time after notice of the levy. In that case the levy was upon property some of which was exempt, and it does not appear that any claim of exemption of any part was ever made. The opinion was based on Seaman v. Luce, 23 Barb. 240, where a constable levied on three horses, of which two were exempt, and the judgment debtor made no claim of exemption. The court held that it was not necessary to claim the exemption at the time of the levy, and that it might be made within a reasonable time after notice. In Frost v. Mott, supra, the officer seized some sheep, some of which were exempt and others not, and the debtor made no claim of exemption. The court said that the officer could not "justify the wrong by the claim that he did not know which of them to leave. He neither requested the defendant to designate them nor made any designation himself. The mere silence of the party while an officer is stripping him of property exempt from seizure under color of legal authority furnishes no protection to the wrongdoer." Wilcox v. Howe, supra, held that,

where exempt property was seized on execution, and the debtor did not notify the officer, at the time of seizure or at any later time; of his claim of execution, he had thereby waived his right, and could not maintain an action for a wrongful seizure. In Russell v. Dean, supra, the officer levied upon mules, and no claim of exemption was made at the time of the seizure or at any other time. In all these cases it seems to be assumed that a notice at any time before actual sale is sufficient. In the case at bar the attachment was issued January 29th, when the defendant levied upon and removed the property. The execution was issued on February 5th, and on February 8th the plaintiff served on the sheriff written notice of his claim for exemption, while the property was not sold till February 13th. This was sufficient notice of the defendant's claim of exemption, and the court was not justified in submitting to the jury the question whether or not the plaintiff had waived his exemption. Indeed, the court charged that the plaintiff had the right to claim exemption up to the time of the sale, but said that the plaintiff was present at the sale, and that there was no testimony that he made any claim of exemption upon the day of sale, and that the question for the jury to determine was whether he intended to waive his right to the exempted property. There was no exception to this part of the charge, but, even in the absence of an exception, we may always inquire whether justice has been done by the charge, and in this case we think there was manifest injustice. As the answer alleged that the property was taken by virtue of the warrant of attachment and execution, and not otherwise, we can hardly be expected to assent to the defendant's contention that the property was taken from the possession of the plaintiff, and sold by his license and permission. Besides, it was error to admit in evidence a copy of the chattel mortgage. It made no difference whether the property was or was not mortgaged. The plaintiff was in open possession of the property, and entitled to hold it until default in the payment of the mortgage. No time of payment was named in the mortgage, and no demand for payment was proved. In Frost v. Mott, supra, it was held that actual possession, accompanied by an equitable interest in the plaintiff at the time of the seizure by the officer, is sufficient to maintain the action. In Hoyt v. Gelston, 13 Johns. 141, 561, it was held that bare possession, or actual and peaceable possession of a chattel, is sufficient to maintain trespass against a wrongdoer. The exemption provision should receive a humane and liberal construction in favor of the debtor and his family. Becker v. Becker, 47 Barb. 497; Wilcox v. Hawley, 31 N. Y. 648. In the present case there is no doubt that the plaintiff necessarily used the team in his business as a farmer. There is evidence showing that he had a wagon actually loaded with farm produce, which he intended to take to market on the day of the seizure. For these reasons, the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except SEWELL, J., taking no part.