JOSEPH HARTMANN, Appellant, *v.* JACOB HOFFMAN, Respondent.

*Jury trial — demand for, in a Justice's Court — where the jury disagree the demand
relates to a new trial — copy of an instrument, proof to sustain its reception.*

A demand for a jury trial, made by a party to an action brought in a Justice's
Court at the time issue was joined, relates to a new trial had after the dis-
agreement of the jury drawn at the first trial, unless such demand has pre-
viously been waived. (Code Civ. Proc. §§ 2990, 3008.)

*Semble,* that it is error to admit in evidence a copy of an instrument without proof
of the loss of the original or of inability to secure its production.

APPEAL by the plaintiff, Joseph Hartmann, from a judgment of
the County Court of Nassau county in favor of the defendant,
entered in the office of the clerk of the county of Nassau on the 6th
day of April, 1901, affirming upon appeal a judgment in favor of

the defendant rendered upon the verdict of a jury after a trial before a justice of the peace.

*Lincoln B. Haskin,* for the appellant.

*John W. Demarest* and *Henry P. Keith,* for the respondent.

GOODRICH, P. J.:

In January, 1900, Charles Goeller brought an action in a Justice's Court of Hempstead against the present plaintiff Hartmann and obtained a warrant of attachment against his property, giving an undertaking executed by him and Hoffman, the present defendant, providing that if Hartmann recovered a judgment therein, or if the warrant should be vacated, the plaintiff Goeller would pay all costs which might be awarded to said Hartmann, and all damages which he might sustain, not exceeding the sum of $200. A constable executed the warrant of attachment and seized certain property of Hartmann.

This action is brought to recover the damages sustained by the issuing of the warrant.

On the return of the summons, on April fourteenth, the parties appeared before the justice, and Hoffman demanded a jury trial and paid the fees. On the trial the jury disagreed and were discharged. The case was adjourned by consent to May seventeenth and then to May twenty-fourth, on which day the action was tried and a verdict was rendered for the defendant.

The justice, on May twenty-first, three days before the second trial, on demand of Hoffman, issued a venire for a new jury. At the trial Hartmann moved to discharge the jury, on the ground that it had not been impaneled according to law and because the defendant was not entitled to a jury trial.

The appellant contends that if the defendant wanted a jury for the second trial, he should have demanded it immediately after the first jury was discharged.

Section 2990 of the Code of Civil Procedure provides that at the time when the issue is joined, a party desiring a jury may demand a jury trial. It is silent as to the time when a demand for a second jury must be made in the event of a disagreement of the first jury, and section 3008, which provides for the issuing of a new venire,

does not specify the time when it must be issued. Manifestly it could not relate to a case where, as in this case, the trial was adjourned by consent for a longer period than forty-eight hours.

It is evident that the demand for a jury, made at the time the issue was joined, relates to any subsequent trial, unless. the demand is waived. The second trial, therefore, properly proceeded before a jury.

But there was error in the admission of testimony showing that there was a chattel mortgage upon the property attached by the sheriff, and we have so held in another action brought by the present plaintiff. (*Hartmann* v. *Wood*, 57 App. Div. 23.)

In addition to this the court, over the appellant's objection specifically made that it was not the best evidence, admitted a copy of the mortgage without proof of the loss of the original or inability to secure its production.

It is not necessary to consider any other matters, as for the error stated the judgment should be reversed.

BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment of the Nassau County Court reversed, and new trial granted, costs to abide the event.