### HARTMANN v. HOFFMAN.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. JUSTICES OF THE PEACE—JURY TRIAL—DEMAND FOR JURY.
   Under Code Civ. Proc. § 2990, providing that at the time of joining issue a party may demand a jury trial, and section 3008, providing for the issuing of a new venire, without specifying the time when it must be issued, a demand for a jury trial, made when the issue is joined, relates to any subsequent trial of the action rendered necessary by disagreement of the first jury, unless the demand is waived.

2. ATTACHMENT—UNDERTAKING—RIGHTS OF SURETY.
   In an action against a surety on an attachment bond, it was error to permit him to show that there was a chattel mortgage upon the attached property.

3. EVIDENCE—BEST AND SECONDARY EVIDENCE.
   It was error to admit in evidence a copy of a mortgage, without first proving the loss of the original, or inability to produce it, when there was a specific objection that such copy was not the best evidence.

Appeal from Nassau county court.

Action by Joseph Hartmann against Jacob Hoffman. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Lincoln B. Haskin, for appellant.

John W. Demarest, for respondent.

GOODRICH, P. J. In January, 1900, Charles Goeller brought an action in a justice's court of Hempstead against the present plaintiff, Hartmann, and obtained a warrant of attachment against his property, giving an undertaking executed by him and Hoffman, the present defendant, providing that if Hartmann recovered a judgment therein, or if the warrant should be vacated, the plaintiff, Goeller, would pay all costs which might be awarded to said Hartmann, and all damages which he might sustain, not exceeding the sum of $200. This action is brought to recover the damages sustained by the issuing of the warrant. A constable executed the warrant of attachment, and seized certain property of Hartmann. On the return of the summons, on April 14th, the parties appeared before the justice, and Hoffman demanded a jury, and paid the fees. On the trial the jury disagreed, and were discharged. The case was adjourned by consent to May 17th, and then to May 24th, on which day the action was tried, and a verdict was rendered for the defendant. The justice on May 21st, three days before the second trial, on demand of Hoffman, issued a venire for a new jury. At the trial Hartmann moved to discharge the jury on the ground that it had not been impaneled according to law, and because the defendant was not entitled to a jury trial.

The appellant contends that Goeller, the defendant in the prior action, if he wanted a jury for the second trial, should have demanded it immediately after the first jury was discharged. Section 2990 of the Code of Civil Procedure provides that at the time when the issue is joined a party desiring a jury may demand a jury trial. It is silent as to the time when a demand for a second jury must be made in the event of a disagreement of the first jury; and section 3008, which provides for the issuing of a new venire, does not specify the time when it must be issued. Manifestly, it could not relate to a case where, as in this case, the trial was adjourned by consent for a longer period than 48 hours. It is evident that the demand for a jury, made at the time the issue was joined, relates to any subsequent trial, unless the demand is waived. The second trial, therefore, properly proceeded before a jury.

But there was error in the admission of testimony showing that there was a chattel mortgage upon the property attached by the sheriff, and we have so held in another action brought by the present plaintiff. Hartmann v. Wood, 57 App. Div. 23, 67 N. Y. Supp. 1046. In addition to this, the court, over the appellant's objection, specifically made, that it was not the best evidence, admitted a copy of the mortgage, without proof of the loss of the original, or inability to secure its production. It is not necessary to consider any

other matters, as, for the error stated, the judgment should be reversed. ·

Judgment of the Nassau county court reversed, and new trial granted; costs to abide the event. All concur.