HENRY W. LYNCH, Appellant, *v.* SYRACUSE, LAKESIDE AND BALDWINSVILLE RAILWAY, Respondent.

*Appeal from the Municipal Court of Syracuse to the County Court — the latter may determine that a verdict is excessive and order a new trial unless the plaintiff reduces it — the question whether a verdict was excessive considered on an appeal stated to be upon questions of law.*

Section 6 of chapter 337 of the Laws of 1900, relating to appeals from the Municipal Court of Syracuse to the County Court of Onondaga county, which provides, "where the judgment was rendered upon a trial by the court without a jury, the appeal may be taken upon questions of law, or upon the facts, or upon both; and where the judgment was rendered upon the verdict of a jury, the appeal may be taken upon questions of law. Appeals may also be

had to the same court from an order granting or denying a motion for a new trial," authorizes the County Court of Onondaga county, upon an appeal from an order denying a motion for a new trial made in an action tried, in the Municipal Court of the city of Syracuse, before a jury, to review the question whether or not the damages awarded by the jury are excessive.

In such a case, if the County Court decides that the verdict was excessive, it may, instead of reversing the judgment unconditionally, provide that, if the plaintiff shall stipulate to reduce the verdict to the amount thought proper by the court, the verdict shall stand as reduced.

The fact that, through the inadvertent use of an inappropriate printed blank, the notice of appeal to the County Court, from the order denying the motion for a new trial, stated that the appeal was taken upon questions of law, will not preclude the County Court from considering the question whether the verdict was excessive, where the objection to the notice of appeal was not taken upon the argument in the County Court.

APPEAL by the plaintiff, Henry W. Lynch, from a judgment of the County Court of Onondaga county in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 7th day of January, 1902, upon an order entered in said clerk's office on the 7th day of January, 1902, reversing a judgment of the Municipal Court of the city of Syracuse entered upon the verdict of a jury for $1,000, unless the plaintiff stipulate to reduce the amount of damages to $300, in which case the judgment of the Municipal Court as so modified was to be affirmed, and also from the order of the County Court upon which said judgment appealed from was entered.

*Frank C. Sargent*, for the appellant.

*A. Lee Olmsted*, for the respondent.

HISCOCK, J.:

The principal question involved upon this appeal is whether under the statute governing the Municipal Court of the city of Syracuse, the County Court has the power to review an order made in the former court denying a motion for a new trial made upon the ground of excessive damages.

The learned county judge held that there was such power to review such an order, and in this case, in effect, reversed the judgment in the Municipal Court in favor of plaintiff and the order therein denying a motion for a new trial on the ground that the

damages were excessive, unless plaintiff consented to reduce his damages. We think that the disposition made by him of this and the other questions presented upon the appeal was correct, and that the judgment and order here appealed from should be affirmed.

The plaintiff brought this action to recover damages for personal injuries. The case was tried in the Municipal Court before a jury and a verdict recovered for $1,000. Thereafter defendant made a motion for a new trial upon the ground, amongst others, that the damages were excessive, which was denied. From the judgment entered upon the verdict and the order denying said motion for a new trial an appeal was taken to the County Court, with the results above stated. It has been strenuously argued by the counsel for the respondent that the statute governing appeals from said Municipal Court to the County Court did not in this case, in any manner, authorize or allow a review by the latter of the decision by the former that the damages were not excessive. While this question is not entirely free from doubt, we think that the contention should not be sustained.

Section 6 of chapter 337 of the Laws of 1900 (amdg. Laws of 1892, chap. 342, § 22), relating to the Municipal Court of the city of Syracuse, provides: " Appeals may be had from any judgment rendered in said court to the County Court of Onondaga county as prescribed in articles first and second of chapter nineteen of title eight of the Code of Civil Procedure, and not otherwise; provided where the judgment was rendered upon a trial by the court without a jury, the appeal may be taken upon questions of law, or upon the facts, or upon both; and where the judgment was rendered upon the verdict of a jury, the appeal may be taken upon questions of law. Appeals may also be had to the same court from an order granting or denying a motion for a new trial."

This case was tried before a jury in the Municipal Court. Practice in said court in the city of Syracuse, including appeals, is largely founded upon and analogous to practice in Justices' Courts. It was the plain intention of the Legislature, however, by the first sentence quoted, to cut off and preclude the right to a new trial in the County Court upon appeal from the Municipal Court where there had already been a trial before a jury in the latter court. This very

decided distinction was made between the practice upon appeals from the Municipal Court and Justices' Courts. The question whether damages are excessive requires a consideration of the evidence, and the appeal raising said question is one upon the facts. The Legislature, therefore, in said first sentence quoted, not only cut off the right to a new trial in the County Court where there was a trial before a jury in the Municipal Court, but has also precluded the right to have the County Court upon appeal from a judgment in such a case review the question of damages. As indicated, we think the general purpose and intent of the Legislature was to prevent a second trial as a matter of right in the County Court in certain cases, and that it was not the intention to make the decision of a judge of the Municipal Court final upon a question of damages and not subject to review by an appellate court. The intent that the latter should be subject to review reasonably accounts for and finds expression in the provision which we have quoted in regard to appeals from orders. That is a distinct and complete provision by itself and allows an appeal to the County Court from an order granting or denying a motion for a new trial. Concededly, a party has a right after a verdict in the Municipal Court to make a motion for a new trial upon the ground that the verdict is for excessive damages. The provision quoted then expressly gives him the power to appeal from the order made upon such motion if he so elects. We think that it would be unreasonable to hold that the Legislature, having given to a litigant the right to make a motion for a new trial in the Municipal Court upon the ground mentioned, and then having given him the right to appeal from the order denying such motion, did not intend to give him the right upon such appeal to have considered the question which had been argued below and to have reviewed the decision of the Municipal Court thereon. It seems to us that such a construction would be strained and unnatural. Moreover, it seems to us that it would lead to anomalous and undesirable results in preventing any opportunity for reviewing the determination of the Municipal Court upon a question of damages.

Reaching the conclusion that the County Court had the power to review such question of damages upon the appeal, we agree with the decision reached as to the amount of reduction which should be stipulated, unless plaintiff elects to have his new trial.

The Supreme Court at Trial Term and upon appeal has power to make such conditional reduction of verdicts rendered in that court and frequently exercises such power.   (*Holmes* v. *Jones*, 121 N. Y. 467, and cases there referred to.)

County Courts upon appeal from Justices' Courts have such power, under the language of section 3063 of the Code of Civil Procedure, and frequently exercise the same.   (*Powers* v. *Hanford*, 7 App. Div. 343.)

The Court of Common Pleas for the city and county of New York had and exercised such power under the Code of Procedure (§ 366) which was similar to section 3063 of the Code of Civil Procedure.   (*La Motte* v. *Archer*, 4 E. D. Smith, 46.)

Under section 22 of the statute establishing the Municipal Court of the city of Syracuse (Laws of 1892, chap. 342) the County Court of Onondaga county on appeal from the Municipal Court had the same power as on appeal from Justices' Courts.   While this section of the statute has been amended by chapter 337 of the Laws of 1900 in several particulars, we do not think that this power to make a conditional reduction of a verdict has been taken away, but that the same still exists.

The notice of appeal from the Municipal Court to the County Court contained a clause stating, in substance, that the appeal to the County Court from the order of the Municipal Court denying the motion for a new trial was made upon questions of law.   It is manifest that this was an inadvertence and probably was the result of using a blank notice of appeal such as was appropriate in appeals from Justices' Courts where appellant gave indication whether he desired a new trial or not.   On this appeal from the order denying a motion for a new trial this clause was not necessary or appropriate.   By the appeal the case was taken into the County Court and upon its argument it does not appear that any claim was made by respondent that appellant was precluded by the form of its notice of appeal from having considered the question which we have discussed.   Upon the other hand, without any protest, so far as appears, the County Court heard the arguments of the respective parties upon the question of damages and reached its conclusion thereon. Under such circumstances we do not feel inclined to hold that defendant has debarred itself by the clause in question from having

considered upon its appeal from the order denying a new trial, the amount of damages.

The judgment and order appealed from should be affirmed, with costs.

MCLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred.

Judgment and order of County Court affirmed, with costs.