JOSEPH HARTMANN, Appellant, *v.* JACOB HOFFMAN, Respondent.

*Appeal from a justice's judgment to a County Court — right of reversal by the County Court on the ground that the judgment was against the evidence — effect of a reversal by the Appellate Division of a judgment of affirmance by the County Court.*

The amendment to section 3063 of the Code of Civil Procedure, made by chapter 553 of the Laws of 1900, which took effect September 1, 1900, and authorized the County Court, on reversing a judgment of a Justice's Court upon the ground that it was contrary to or against the weight of evidence, to order a new trial before the same justice or any other designated justice of the county, controlled all appeals pending in the County Court at the time it took effect, without regard to the date of the notice of appeal, or whether or not the appellant had demanded a new trial in the County Court.

A notice of appeal from a justice's judgment to the County Court of Nassau county was dated March 30, 1900, and did not contain a demand for a new trial in the County Court. The County Court affirmed the judgment April 6, 1901, and thereafter the Appellate Division decided that the judgment of the County Court was erroneous.

*Held,* that such decision of the Appellate Division was in effect a direction to the County Court to amend its judgment by ordering a new trial before the justice who tried the case or another justice in the same county.

REARGUMENT of an appeal by the plaintiff, Joseph Hartmann, from a judgment of the County Court of Nassau county in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 6th day of April, 1901, upon an order of said County Court entered in said clerk's office on the 6th day of April, 1901, affirming a judgment rendered by a justice of the peace.

*Lincoln B. Haskin,* for the appellant.

*Henry P. Keith,* for the respondent.

GOODRICH, P. J.:

The reargument of this appeal raises the question of the power of this court on appeal from a judgment of the County Court of Nassau county affirming a judgment of a Justice's Court for the defendant. On the former argument we reversed the judgment of the County Court and granted a new trial, with costs to abide the event, without specifying whether such trial should be before the justice who tried the action or before some other justice. (65 App. Div. 443.) The notice of appeal from the Justice's Court to the County Court was simply an appeal on the record, as there was no demand for a new trial in the County Court, as authorized by section 3068 of the Code of Civil Procedure.

It is now contended by the appellant that, as the County Court had no power at the date of the notice of appeal to that court, which was March 30, 1900, to direct a new trial, this court has no such power. At the time of such notice of appeal the County Court of Nassau county had no power, under section 3063, to direct a new trial. The section, so far as it related to Nassau county, then read: "The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits. It may affirm or reverse the judgment of the justice, in whole or in part, and as to any or all of the parties, and for errors of law or of fact." This section related to cases referred to in section 3062, that is, cases where the appellant had not demanded or was not entitled to a new trial in the appellate court (*i. e.*, the County Court).

The judgment of the County Court was entered April 6, 1901. Section 3063 was amended so as to take effect September 1, 1900 (Laws of 1900, chap. 553). The amendment provided that the appellate court, that is, in the present instance, the County Court, might affirm or reverse for errors of law or fact, or might reverse as being contrary to or against the weight of the evidence, and upon such reversal order a new trial before the same justice or any other designated justice of the county, and at a time and place to be specified in the order.

This amendment of section 3063 controls all appeals pending when it went into effect, that is, after September 1, 1900, without regard to the date of the notice of appeal. See *Southwick* v.

*Southwick* (49 N. Y. 510, 517) where the court, Judge FOLGER writing, said : " It cannot be successfully contended, as a general rule, that an act which applies only to the forms of procedure and modes of attaining or defending rights cannot be availed of in an action pending when it took effect."

The County Court had power to reverse the judgment as contrary to or against the weight of the evidence, whether or not a demand was made for a new trial in the County Court. As the judgment of that court affirmed the judgment of the Justice's Court there was no occasion for it to specify a justice before whom a new trial was to be had. But the judgment of this court reversed the judgment of the County Court and thus decided that the judgment of the County Court was erroneous. It is unnecessary to decide whether this court has power on reversal to specify a justice before whom the new trial shall be had. Our judgment reversing the judgment of the County Court is in effect a direction to the County Court to amend its judgment and exercise the power conferred upon it by the statute to order a new trial before the justice who tried the action or to designate another justice in the same county in cases where it reverses a judgment of a justice of the peace.

Our former judgment will, therefore, be amended by inserting a provision remitting the case to the County Court of Nassau county to designate a justice for the new trial.

All concurred.

Judgment of reversal amended by inserting a provision remitting the case to the County Court of Nassau county for action in accordance with the opinion of GOODRICH, P. J.