### HARTMANN v. HOFFMAN.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

**1. APPEAL FROM JUSTICE—NEW TRIAL.**

A county court is authorized by Laws 1900, c. 553, amending Code Civ. Proc. § 3063, to reverse a judgment on appeal from a justice as against the weight of evidence, and order a new trial before the same justice, or before another justice to be designated, though the amendment took effect after the date of the notice of the appeal to that court, as the amendment applies to the forms of procedure.

**2. SAME.**

The appellate division, on reversing a judgment of the county court affirming a judgment of a justice, may direct that the county court order a new trial, and designate the justice therefor, as provided by Laws 1900, c. 553, amending Code Civ. Proc. § 3063, though the amendment took effect after the date of the filing of the notice of appeal to the county court.

On reargument. Former opinion amended by inserting in the judgment a provision remitting the case to the county court to designate a justice for the new trial.

For former opinion, see 72 N. Y. Supp. 982.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

¶ 1. See Justices of the Peace, vol. 31, Cent. Dig § 466.

Lincoln B. Haskin, for appellant.

Henry P. Keith, for respondent.

GOODRICH, P. J.　The reargument of this appeal raises the question of the power of this court on appeal from a judgment of the county court of Nassau county affirming a judgment of a justice's court for the defendant.　On the former argument we reversed the judgment of the county court, and granted a new trial, with costs to abide the event, without specifying whether such trial should be before the justice who tried the action or before some other justice. 65 App. Div. 443, 72 N. Y. Supp. 982.　The notice of appeal from the justice's court to the county court was simply an appeal on the record, as there was no demand for a new trial in the county court, as authorized by section 3068 of the Code of Civil Procedure.　It is now contended by the appellant that, as the county court had no power at the date of the notice of appeal to that court, which was March 30, 1900, to direct a new trial, this court has no such power. At the time of such notice of appeal the county court of Nassau county had no power, under section 3063, to direct a new trial.　The section, so far as it related to Nassau county, then read:

"The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits.　It may affirm or reverse the judgment of the justice, in whole or in part, and as to any or all of the parties, and for errors of law or of fact."

This section related to cases referred to in section 3062; that is, cases where the appellant had not demanded or was not entitled to a new trial in the appellate court (i. e., the county court).

The judgment of the county court was entered April 6, 1901.　Section 3063 was amended so as to take effect September 1, 1900.　Chapter 553, Laws 1900.　The amendment provided that the appellate court—that is, in the present instance, the county court—might affirm or reverse for errors of law or fact, or as being contrary to or against the weight of the evidence, and upon such reversal order a new trial before the same justice or any other justice of the county, and at a time and place to be specified in the order.　This amendment of section 3063 controls all appeals pending when it went into effect— that is, after September 1, 1900—without regard to the date of the notice of appeal.　See Southwick v. Southwick, 49 N. Y. 510, 517, where the court, Judge Folger writing, said:

"It cannot be successfully contended, as a general rule, that an act which applies only to the forms of procedure and modes of attaining or defending rights cannot be availed of in an action pending when it took effect."

The county court had power to reverse the judgment as contrary to or against the weight of the evidence, whether or not a demand was made for a new trial in the county court.　As the judgment of that court affirmed the judgment of the justice's court, there was no occasion for it to specify a justice before whom a new trial was to be had.　But the judgment of this court reversed the judgment of the county court, and thus decided that the judgment of the county court was erroneous.　It is unnecessary to decide whether this court has power on reversal to specify a justice before whom the new trial

shall be had. Our judgment reversing the judgment of the county court is, in effect, a direction to the county court to amend its judgment and exercise the power conferred upon it by the statute, to order a new trial before the justice who tried the action, or to designate another justice in the same county in cases where it reverses a judgment of a justice of the peace.

Our former judgment will therefore be amended by inserting a provision remitting the case to the county court of Nassau county to designate a justice for the new trial. All concur.