STEVENS et al. v. SMITH.

(Cayuga County Court.  August 8, 1907.)

1. MONEY PAID—ACTION TO RECOVER—EVIDENCE.

Where the owner had paid the contractor all that was due him under the contract when the latter abandoned the work, the owner not being authorized by the contract to complete the work, money paid by the owner to satisfy liens claimed by third persons for work done for the contractor before abandoning the contract cannot be recovered from the contractor, as the owner was not bound to pay such claims,· and there was nothing to which a lien could attach.

2. SAME

The owner, to recover money paid to satisfy liens of subcontractors where the contractor abandoned the work, must show the amount due the principal contractor when he abandoned the work, the amount and value of the work done by the lienors, and a valid lien on his premises by such lienors for the value of the work performed.

Appeal from City Court of Auburn.

Action by H. L. Stevens and another against Joseph Smith. From a judgment for plaintiffs, both parties appeal.  Reversed, and new trial ordered.

Albert H. Clark and Harry T. Dayton, for plaintiffs.

Lynn H. Keeler, for defendant.

GREENFIELD, J.  The action was to recover damages for a breach of a contract to build a cellar wall under, and make certain repairs to, plaintiffs' dwelling house.  The agreement was in writing, and the trial court found that the defendant had failed to keep and perform it, and that the plaintiffs were entitled to recover damages therefor.  No good reason has been advanced why the question as to which party was at fault, in that respect, was not properly disposed of by the trial court.

As to the measure and amount of damages, however, a serious question is presented.  The plaintiffs were allowed to show, against defendant's objection, what they paid to certain persons who had, it was alleged, performed labor for defendant in and about the work before defendant abandoned it, and who had, it was alleged, asserted and filed mechanics' liens against plaintiffs' premises therefor, after such abandonment.  If defendant had been paid by plaintiffs all that was due him under the contract, as the plaintiffs alleged, and the defendant had thereupon refused to proceed further with the work, then there was nothing upon which a lien could attach, and any allowance to plaintiffs for having paid it is contrary to and unsupported by the evidence.  The case of Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017, seems to be quite conclusive of that question:

"If nothing is due to the contractor pursuant to the contract when the lien is filed, and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed."  Id.

"But when, as in this case, * * * he wholly abandons it, * * * his right to recovery depends upon performance of his contract."  Id.

"We think nothing was due upon the contract when the lien was filed, and that the judgment cannot be supported on that ground." Id.

"The owner, however, although under no obligations to do so, completed the building himself according to the contract, which thus continued operations through her action. After the contractor refused to proceed she performed the contract for him, as it expressly permitted her to do."

The contract in the case at bar contains no such provision, and it follows that nothing was due the defendant to which a lien could attach, that plaintiffs were under no obligation to pay defendant's workmen, and in the absence of a request to do so cannot recover the amounts so paid of defendant.

Assuming, however, that something more was due the defendant, it was incumbent upon plaintiff to show: (1) The amount which was so due him. (2) The amount and value of the work done by the lienors. (3) A valid lien upon his premises for the value or agreed price of such work. He failed to establish any of these necessary prerequisites by competent evidence; his position being that nothing was due defendant from him at any time. No proof whatever was given of the amounts actually due the alleged lienors, and the only proof of the lien itself was plaintiff's statement that he had seen one in the clerk's office and an alleged copy, from which he refreshed his recollection of the amounts paid, neither of which was introduced in evidence. This hardly furnished a legal foundation for plaintiff's testimony that he paid to Mr. Avery $34.63 for men who had the liens, $5 to Mr. Whelan as attorney for other alleged lienors, and $15 to Servo Gordano, "who had a judgment." The proof was presumably prejudicial to the defendant, and but for its reception the defendant would, evidently, have had judgment against the plaintiff.

Counsel for both parties have filed elaborate briefs, wherein many other questions are discussed with commendable thoroughness; but, inasmuch as the judgment must be reversed upon the grounds stated, I do not deem it necessary to refer to them. Under all of the circumstances, the judgment should be reversed, and a new trial ordered before the City Court, to be held by the city judge, with costs of this appeal to the defendant appellant to abide event. Manheim v. Seitz, 21 App. Div. 16, 47 N. Y. Supp. 282; Lynch v. S. L. & B. Ry., 73 App. Div. 95, 76 N. Y. Supp. 368; Hartmann v. Hoffman, 65 App. Div. 443, 72 N. Y. Supp. 982; Id., 76 App. Div. 449, 78 N. Y. Supp. 796, with note, 12 N. Y. Ann. Cas. 124. The order for a new trial, specifying the date thereof, may be settled upon two days' notice.

Judgment for plaintiffs reversed, and new trial ordered.